[Sac. No. 2386.  In Bank.—May 22, 1916.]

JAMES W. STURDIVANT, Petitioner, v. A. J. PILLS-
BURY et al., Composing the Industrial Accident Com-
mission of the State of California, Respondents.

WORKMEN'S COMPENSATION ACT—AUTHORITY OF INDUSTRIAL ACCIDENT
COMMISSION—PROCEEDING BY EMPLOYEE OF SUBCONTRACTOR AGAINST
GENERAL CONTRACTOR.—The legislature has no power, under sec-
tion 21, article XX, of the constitution, to confer judicial au-
thority upon the Industrial Accident Commission to inquire into,
determine, and enforce liabilities under section 30 of the Work-
men's Compensation, Insurance and Safety Act, in favor of the
employee against persons other than his employer. This prin-
ciple applies to a proceeding by an employee of a subcontractor
against the general contractor for the erection of a building.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Driver & Driver, for Petitioner.

Christopher M. Bradley, for Respondents.

SHAW, J.—This is an original proceeding in review under the Workmen's Compensation, Insurance and Safety Act. A decision in the companion case of *Carstens* v. *Pillsbury, ante*, p. 572, [158 Pac. 218], has this day been filed. The only dif-ference between the two cases is that in this case Sturdivant, the general contractor, is the petitioner, and that he was named in the application for relief made by Silva to the com-mission, and that notice was duly served upon him. So far

as the question of due process of law is concerned, he has no cause of complaint, except that some evidence was taken in his absence and without notice to him, as stated in the aforesaid opinion.

It appears, however, that he was not the employer of Silva; that he was the general contractor for the building erected for Carstens upon the latter's property, that he sublet a portion of the work to James Common, that Common was the contractor for the portion of the work sublet to him, and that the relation of employer and employee did not exist between Sturdivant and Silva. In *Carstens* v. *Pillsbury* we have considered the question of the power of the legislature to confer judicial authority upon the commission to inquire into, determine, and enforce liabilities under section 30 of the act, in favor of the employee against persons other than his employer, and have reached the conclusion that the legislature has no such power, and, consequently, that the commission cannot entertain such proceedings. The same principles apply with equal force to the present case. On the authority of that decision we hold that the commission cannot proceed further in this case.

It is ordered that the award of the commission in favor of Silva against Sturdivant be annulled and that the proceeding as against him be dismissed.

Sloss, J., Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.

Lawlor, J., dissented.