[L. A. No. 4423.   In Bank.—June 28, 1916.]

### WESTERN. INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMIS-SION OF THE STATE OF CALIFORNIA, Respondents.

WORKMEN'S COMPENSATION ACT—INDUSTRIAL ACCIDENT COMMISSION—INJURY TO EMPLOYEE OF INDEPENDENT CONTRACTOR.—The Industrial Accident Commission has no power to render an award against the owner of land, for an injury to an exclusive employee of an independent contractor who is engaged in installing a pumping plant thereon.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Duke Stone, and B. P. Gibbs, for Petitioner.

Manning, Thompson & Hoover, for Santa Clara Oil and Development Company.

Christopher M. Bradley, for Respondents.

George M. Harker, and S. M. Bernard, for Applicant.

HENSHAW, J.—This is an application to annul under *certiorari* the award of the respondent given against the Western Indemnity Company, under the following circumstances: The Santa Clara Oil and Development Company, a corporation, entered into a contract with the Oil Pumping and Gasoline Company, a corporation, the latter to install apparatus for the proper pumping of oil, etc., from a well on the property of the first-named corporation. The Oil Pumping and Gasoline Company which, for convenience, may be called the pumping company, had under its control and proposed to use the invention of George W. Turner. Turner, however, was neither an officer nor stockholder of the company. It appears that he was employed by the pumping company to superintend and control the installation of this

plant. While so doing he was killed. His widow made application before respondent for indemnification for his death. The pumping company which employed him and the oil company upon whose land the work was being done by the independent contractor, the pumping company, were cited to appear before the commission. It appeared that the oil company had taken out indemnification insurance under the terms and provisions of chapter 176 of the Workmen's Compensation Act of 1913, which insurance was "for or on account of bodily injuries including death resulting therefrom accidentally suffered while this policy is in force by any employee of the assured, or a Contractor or Subcontractor, as provided in Section 30 of said chapter, in and during the operation of the trade, business or work described, and at the place designated in Item No. 2 of said schedule." Upon application the insurance company was substituted, the accident commission made its award in favor of the widow and against the insurance company, and the latter has sued out this writ of review.

Resolving every other question, for the purposes of this consideration only, in favor of the position of the respondent accident commission, one undisputed fact remains that the deceased was in no sense an employee of the oil company, but was an employee of the pumping company, which pumping company in the performance of its contract was unquestionably an independent contractor. Under the recent decision of this court in Bank in *Carstens* v. *Pillsbury et al, ante,* p. 572, [158 Pac. 218], no such liability as here imposed is imposable at the instance of the accident commission against the owner and in favor of one who is exclusively the employee of an independent contractor. It necessarily follows that as the insurer's assured is not liable for the indemnification award ordered by the commission, the insurance company, petitioner herein, is not itself liable.

Wherefore, without consideration of any other questions involved, the award against petitioner is annulled.

Melvin, J., Shaw, J., Sloss, J., Lorigan J., and Angellotti, C. J., concurred.