[S. F. No. 7685. In Bank.—October 17, 1916.]

FIRST CHRISTIAN CHURCH OF FRESNO (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

Workmen's Compensation Act—Employee of Independent Contractor—Liability of Owner of Building—Evidence Taken Prior to Notice of Hearing.—The Industrial Accident Commission has no jurisdiction to render an award against the owner of a building being erected by an independent contractor, for accidental injuries sustained by an employee of a subcontractor, nor can it make a valid award, upon evidence taken prior to the service of notice of the hearing upon the party held liable. *Carstens* v. *Pillsbury*, 172 Cal. 572, and *Sturdivant* v. *Pillsbury*, 172 Cal. 581, approved.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

George F. Hatton, Hartley F. Peart, and Gus L. Baraty, for Petitioner.

Christopher M. Bradley, for Respondents.

MELVIN, J.—*Certiorari* directed to the Industrial Accident Commission of the State of California for the purpose of reviewing an award in favor of one Augustus Cohnhoff and against the petitioner to this court, First Christian Church of Fresno.

Cohnhoff had been employed by a subcontractor, the Thomas & Schneider Art Glass Company, and counsel for the church denied liability of their client for that reason. They also contended that no legal notice of the hearing before the Industrial Accident Commission had ever been served upon any accredited representative of the church until after the testimony had been taken. After the issuance of the writ the cases of *Carstens* v. *Pillsbury,* 172 Cal. 572, [158 Pac. 218], and *Sturdivant* v. *Pillsbury,* 172 Cal. 581, [158 Pac. 222], were decided. Thereafter counsel for respondent filed a memorandum in which he recited that as the decisions in said cases determined and ruled all questions raised in this proceeding adversely to respondent's contentions, he waived further time for filing briefs, and agreed that the award made against petitioner should be annulled so far as the Industrial Accident Commission was concerned. He properly declined to make any waiver on behalf of Augustus Cohnhoff, who was represented here by his own counsel. No brief has been filed by Cohnhoff or his counsel, probably for the reason that there is no possible way of differentiating the facts involved in this proceeding from those considered by the court in the decisions cited above. We have examined the record and fully agree with learned counsel for the Industrial Accident Commission that those decisions "determined and ruled all questions raised and involved in the instant case."

Therefore the award is annulled.

Shaw, J., Sloss, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.