[S. F. No. 8223. In Bank.—May 11, 1918.]

## WILLIAM HENRY THAXTER, Petitioner, v. THOMAS F. FINN, as Sheriff, et al., Defendants.

WORKMEN'S COMPENSATION ACT—LIMITATION ON POWER OF INDUSTRIAL ACCIDENT COMMISSION TO MAKE AWARD.—Under the constitution the Industrial Accident Commission has no judicial authority to inquire into, determine, or enforce liability in favor of an employee against persons other than his immediate employer.

ID.—AWARD WITHOUT AUTHORITY—JUDGMENT IN FAVOR OF EMPLOYEE OF SUBCONTRACTOR — LIMITATION ON RIGHT OF JUDICIAL REVIEW.— Although an award in favor of an employee of a subcontractor against the principal contractor would have been annulled by the supreme court for want of power in the Industrial Accident Commission to make the same, if proceedings to review the award had been instituted within the time allowed by the Workmen's Compensation Act, under the explicit terms of sections 27, 84, 85, and 73 of the said act, where no proceeding for a review has been inaugurated within the time limited by the act, a writ of execution issued on the judgment is not a mere nullity, but the award is

conclusively presumed, as against any kind of attack, collateral or
otherwise, to be lawful and binding.

ID.—CONSTITUTIONAL LAW—POWER OF LEGISLATURE.—The legislature had
full authority thus to limit the review of awards of the Industrial
Accident Commission and make them conclusive, except on a review
by the courts within the time and in the manner specified by the
Workmen's Compensation Act.

MANDAMUS against the Sheriff of the City and County of
San Francisco to compel the enforcement of a writ of execu-
tion issued upon a judgment upon an award of the Industrial
Accident Commission.

The facts are stated in the opinion of the court.

P. L. Benjamin, Christopher M. Bradley, and Warren
H. Pillsbury, for Petitioner.

John T. Williams, John D. Harloe, and Redman & Alex-
ander, for Defendants.

McCutchen, Olney & Willard, and Aitken, Glensor & Clewe,
*Amici Curiae.*

ANGELLOTTI, C. J.—This is a proceeding instituted in
this court to obtain a writ of mandate directed to defendant,
requiring him to enforce against property of A. A. Janssen
and the Aetna Life Insurance Company an execution issued
by the clerk of the superior court of the city and county of
San Francisco upon a judgment entered in said court upon
an award of the Industrial Accident Commission in favor of
petitioner. The award of the commission was made in a pro-
ceeding regularly instituted and prosecuted by petitioner
against one F. W. Thaxter, and also said Janssen and said
Insurance Company, for compensation for injuries arising
out of, and happening in the course of, his employment by
F. W. Thaxter. All of these parties appeared in the pro-
ceeding before the commission. The work on which petitioner
was engaged at the time of the accident was the erection of a
building, said Janssen being the general contractor for such
erection, the Insurance Company being the insurance carrier
for Janssen, and F. W. Thaxter, for whom petitioner was
working, being a subcontractor of said general contractor.

Said F. W. Thaxter had not taken out any compensation insurance. The award was made by the commission on June 30, 1914, against all three of the defendants, F. W. Thaxter, A. A. Janssen, and the Insurance Company, being based, in so far as Janssen and the Insurance Company are concerned, on the provisions of section 30 of the Workmen's Compensation, Insurance and Safety Act, which purported to authorize exactly what was done. No complaint was made by any of said defendants as to this award either by petition for rehearing to the commission, or by application for a writ of review to any court. The award was for the sum of $270.53, to be paid at once, and for an additional sum weekly thereafter during plaintiff's disability. The sum of $270.53 was paid, as well as the weekly stipends to June 20, 1916. Further payment was refused, whereupon a certified copy of the findings and award were filed with the clerk of the superior court as provided by section 26 of said act, and the judgment was entered by the clerk as required thereby. The execution issued to the sheriff was based on this judgment. The facts we have stated are set forth in the findings of the commission, the certified copy of which and of the award, together with a copy of the judgment, constitute the judgment-roll (section 26 (b), Workmen's Compensation, Insurance and Safety Act).

The refusal of Janssen and the insurance carrier, in June, 1916, to further comply with the terms of the award was doubtless due to the fact that on May 22, 1916, this court decided in *Sturdivant* v. *Pillsbury et al.*, 172 Cal. 581, [158 Pac. 222], and *Carstens* v. *Pillsbury et al.*, 172 Cal. 572, [158 Pac. 218] (both being proceedings in *certiorari* to review awards of the commission, instituted within the time allowed by the provisions of the Workmen's Compensation, Insurance and Safety Act for the inauguration of such proceedings), that under the constitution the legislature was not empowered to confer judicial authority upon the commission to inquire into, determine, and enforce liabilities under section 30 of the act, in favor of the employee against persons other than his immediate employer. In passing, it may be said that this view has been adhered to in later review proceedings instituted within the specified time. (*Donlon Bros.* v. *Industrial Accident Com.*, 173 Cal. 252, [159 Pac. 715]; *Connolly* v. *Industrial Accident Com.*, 173 Cal. 407, [160 Pac. 239]; *First Christian Church* v. *Industrial Accident Com.*, 173 Cal. 552, [160 Pac.

675].) In view of these decisions it is true, of course, that if an application for a writ of review had been made by Janssen and the Insurance Company to a district court of appeal or to this court within the time allowed by said act, the award would have been annulled as to them. But, as we have said, no such proceeding was ever instituted. And it is now thoroughly settled that the sole judicial review contemplated by the act can be had only where a proceeding therefor is instituted in the proper court within the time specified in the act. On this ground we have denied applications for writs where it was claimed that the award was in excess of the jurisdiction of the commission, and in at least one case have refused a rehearing in this court when the district court of appeal denied a writ on this ground. (See *North Pacific S. S. Co.* v. *Industrial Accident Com.*, S. F. No. 8571, Dec. 15, 1917.) In *North Pacific S. S. Co.* v. *Industrial Accident Com.*, 34 Cal. App. 488, [168 Pac. 30], this point was discussed and decided by the district court of appeal of the first appellate district.

Notwithstanding this impossibility of review in any judicial proceeding, it is urged that upon the face of the record the award and the judgment based thereon as to Janssen and the Insurance Carrier are absolutely void and open to collateral attack, for want of jurisdiction of the subject matter in the commission to make such an award, with the result that the writ of execution issued on the judgment is a mere nullity, affording no justification to the sheriff to make a levy. This claim is based upon authorities relative to collateral attacks upon judgments and declaring certain well-settled principles as to which we are in entire accord. But in our judgment those authorities are not in point here.

It seems to us that there can be no question as to the clear intent of the legislature to render awards by the commission of compensation to employees on account of injuries alleged to have been received in the course of their employment, free from review or attack of any kind except as prescribed in the Workmen's Compensation, Insurance and Safety Act. We do not see how this intent could have been made clearer. As said by learned counsel for the commission: "It is as plain and clear as anything can be made that the statutory specifications for attack upon the awards of the commission were intended to provide the only method of attack, and to preclude any collateral attack which would, or could, be directed

to defeating the award itself, so far as the rights of the immediate parties to the controversy are concerned. The prime purpose of the provisions by their very terms, and by reference to the policy of all compensation statutes, is to effectuate simplicity, facility, and expedition in reaching an end to the controversy and finally settling the rights of the parties to it.''

It is provided in section 27 of the act that ''the orders, findings, decisions, or awards of the commission made and entered under sections twelve to thirty-five, inclusive, of this act may be reviewed by the courts specified in sections eighty-four and eighty-five hereof and within the time and in the manner therein specified and not otherwise.''

Section 84 provides for the only review in the courts of such an award, a proceeding in the supreme court or a district court of appeal, inaugurated within thirty days after the proceeding is terminated before the commission, ''for the purpose of having the lawfulness of the original order, decision or award or the order, decision or award on rehearing inquired into and determined,'' and in which the question whether *''the commission acted without or in excess of its powers''* is one of the questions to be determined, as well as the question whether or not the findings of fact ''support the order, decision or award under review.'' In this section is to be found this provision: ''No court of this state (except the supreme court and the district courts of appeal to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order, decision or award of the commission or to suspend or delay the operation or execution thereof.''

In section 73 it is provided that all orders, rules, and regulations, findings, decisions, and awards ''shall be conclusively presumed to be reasonable and lawful, until and unless they are modified or set aside by the commission or upon a review by the courts in this act specified and within the time and in the manner herein specified.'' This necessarily means that whenever or wherever an award of the commission is shown it is to be conclusively presumed as against any kind of attack, collateral or otherwise (except, of course, the review proceeding authorized by the act itself), to be lawful and binding, in the absence of a showing that it has been modified or set aside by the commission or by the supreme court or a district court of appeal in the review proceeding provided by the act.

Manifestly, the provisions quoted were intended to preclude any attack, direct or collateral, upon an award by the commission of compensation to an employee on account of injuries alleged to have been received in the course of his employment, other than the review provided by the act. It cannot be seriously questioned in view of the constitutional provision relative thereto (section 21, article XX), that the legislature has full authority to thus limit the review of such awards and to make them conclusive except on a review by the courts specified by the act and within the time and in the manner specified therein. Its power "to provide for the settlement of any disputes arising under the legislation contemplated by this section, . ... anything in this constitution to the contrary notwithstanding," sufficiently implies this authority. The provisions moreover appear to be an entirely reasonable exercise of authority on the part of the legislature in this behalf, with a view to making the final settlement in such cases as expeditious as possible. Ample opportunity is given to any aggrieved party to obtain the authorized review by the proper court, and it is entirely reasonable to provide that in no other way can he resist the award.

As we have stated, the claim here is that the award in this matter is void on its face for want of jurisdiction by the commission of the subject matter (we say jurisdiction of the subject matter, for, of course, in view of the record, there can be no question as to jurisdiction of the person), and that, therefore, in accord with the well-settled rule ordinarily applicable to judgments that a judgment pronounced by a tribunal having no jurisdiction of the subject matter is necessarily and incurably void, and may be shown to be so in any collateral or other proceeding in which it is drawn in question, it must be treated as a nullity. We may concede that in accord with the principles applicable to collateral attacks on ordinary judgments, notwithstanding the provisions of the act that we have set forth, absolute lack of jurisdiction of the subject matter, when apparent on the face of the judgment-roll, may be urged on a collateral attack on an award of the commission, in the highly inconceivable event of the commission assuming jurisdiction of an action for damages for libel or slander, or one for money due for goods sold and delivered, or one for damages for negligence, or, indeed, any proceeding other than one under the Workmen's Compensation, Insur-

ance and Safety Act looking to the fixing and enforcement of compensation to an employee or to his dependents in the event of his death, on account of injuries received by him in the course of his employment. All of this may freely be conceded, but it cannot affect the determination of this proceeding. We have no such case here. There was in this case no such lack of jurisdiction of the subject matter on the part of the commission. The proceeding here was one by an employee to obtain an award by the commission of the compensation provided by the terms of the Workmen's Compensation, Insurance and Safety Act for injuries accidentally received by him in the course of his employment. In character it was certainly of the class of proceedings confided by our law to the exclusive jurisdiction of the Industrial Accident Commission. It was a proceeding strictly within the purview of the act and of the constitutional provision upon which the act is based, and one as to which it was clearly intended that any award of compensation made was to be "conclusively presumed to be reasonable and lawful" whenever and wherever attacked, unless modified or set aside in the manner provided by the act. It seems to us that in no proceeding by an employee before the commission to obtain an award for the compensation provided by the act, can there be, in view of the provisions of the act, a lack of jurisdiction in the sense in which the term is used in the authorities relative to collateral attacks on judgments, either of the subject matter or of the person of any party against whom the relief is sought, and who is given such notice of the proceeding against him as the law requires. It is true that upon the facts disclosed by the findings, the commission in this case did in one sense of the words exceed its jurisdiction, acted "without or in excess of its powers" in making the award not only against the immediate employer, but also against Jenssen and his insurance carrier. There was here an acting in excess of jurisdiction in the same way, only that we hold on the review allowed by the act there is an acting in excess of jurisdiction in making an award when there is no evidence to support a conclusion that the person against whom the award was made was the employer of the injured party, or that the accident happened in the course of the employment, or that it arose out of the employment, or that the injury was not due to the willful misconduct of the employer. But clearly it was the manifest

intent of the act that no *such* acting in excess of jurisdiction or "without or in excess of its powers" by the commission shall be available to any party to the proceeding as a ground of attack, collateral or otherwise, upon the award, except in the proceedings authorized by the act. In passing it may properly be said that under the general rule as to lack of jurisdiction of the subject matter it is thoroughly settled in this state that neither the failure of the complaint to sufficiently state a cause of action nor the insufficiency of the findings to support a judgment subjects the judgment to collateral attack as being void on its face. In substance, all we have here is a lack of any sufficient evidence on which to sustain an award against Janssen and the Insurance Company, a lack confessed by the very findings on which the award is based, with the result that the findings do not sufficiently support the judgment or award against them.

As we have already said, we see no good reason to doubt the authority of the legislature to preclude to the extent stated, in so far as the courts of this state are concerned, any attack, direct or collateral, upon an award by the commission of compensation in any proceeding instituted by a person claiming compensation under the Workmen's Compensation, Insurance and Safety Act, provided, always, of course, that jurisdiction of the person of the party against whom the award runs is not wanting. The language used in our constitutional provision sufficiently implies the authority to make any reasonable regulation as to the time within and manner in which any award for compensation made in a proceeding before the commission may be attacked in any way, directly or collaterally; to enact, as it were, a statute of limitations creating an absolute bar to any such attack made after the prescribed time. It is an incident of their acknowledged power to "by appropriate legislation create and enforce a liability on the part of all employers to compensate their employees," etc., and to "provide for the settlement of any disputes arising under the legislation contemplated" by the constitutional provision, and reasonably appropriate to that end. We have already discussed this matter and the question of the purpose and reasonableness of the provisions precluding any attack on an award other than such attacks as are provided in the act.

The situation here presented does not render the award and judgment attackable collaterally. It could be considered by

a court in a review proceeding instituted in the manner and within the time specified in the act (section 84), and, we are satisfied, not otherwise. The award became absolutely final and conclusive against Janssen and his insurance carrier when they failed to ask for any rehearing before the commission, and failed to ask for any review by this court or a district court of appeal within the time allowed by the act.

It follows that petitioner is entitled to the relief sought.

Let a peremptory writ of mandate issue as prayed.

Wilbur, J., Richards, J., *pro tem.,* and Victor E. Shaw, J., *pro tem.,* concurred.

SHAW, J., Dissenting.—I dissent.

In my opinion none of the propositions on which the majority opinion is based is logically tenable.

It is an elemental principle of law that a judgment of any tribunal, upon a subject matter of which it has no jurisdiction, is absolutely void; not merely voidable at the election of the losing party thereto if he chooses to avail himself of some procedure authorized by law, for the purpose of annulling or vacating it, but totally void whether he submits to it or not, and wholly and always incapable of enforcement against his will. The reason is simple. The power of any tribunal to adjudge a matter is given to it by the people. It can come from no other source. The judgment, when made, is, in effect, the judgment of the people. The power is always limited by the terms of the gift. Beyond that the power does not exist. A decision upon a matter to which the power does not extend is not a decision of the people, and, hence, is of no force.

The Industrial Accident Commission is authorized to decide disputes of one kind only, that is to say, disputes between an employer and an employee in regard to a claim by the employee against the employer for the compensation allowed to him by the Workmen's Compensation Act for an injury arising out of, and happening in the course of, his employment. It has no power to decide upon a claim by such employee for such compensation against a person who is the general contractor upon a building upon which his employer is a subcontractor, or against the owner of the building, or against one who is not his employer. A decision purporting to allow such compensation against either or all of such persons, and which

shows that fact upon the face of the record thereof, is a decision which the commission has no power to make. By the principle above stated it is of necessity void in the extreme sense, or as Mr. Freeman expresses it, "it is to be regarded as mere waste paper—a mere *brutum fulmen*"; "necessarily and incurably void, and may be shown to be so in any collateral or other proceeding in which it is drawn in question." (Freeman on Judgments, secs. 116, 120. See, also, *Pioneer Land Co.* v. *Maddux,* 109 Cal. 642, [42 Pac. 295, 50 Am. St. Rep. 67]; *Winrod* v. *Wolters,* 141 Cal. 403, [74 Pac. 1037]; *Kreiss* v. *Hotaling,* 96 Cal. 617, [31 Pac. 740]; *Sullivan* v. *Gage,* 145 Cal. 771, [79 Pac. 537].)

The decision which the plaintiff in this proceeding seeks to have enforced in his favor against Janssen and the Aetna Life Insurance Company, his insurance carrier, is a decision that Janssen, who is not the employer, nor claimed to be the employer, of the plaintiff, and who had no connection with him whatever, except that he contracted to erect a building and let a subcontract for a part of the work thereon to another person by whom plaintiff was employed and for whom he was at work when injured, shall pay the compensation for which the employer, solely, is liable. It was a decision upon a matter upon which the commission had no jurisdiction to act at all, as this court has repeatedly decided. (*Sturdivant* v. *Pillsbury,* 172 Cal. 581, [158 Pac. 222]; *Carstens* v. *Pillsbury,* 172 Cal. 572, [158 Pac. 218]; *Donlon Bros.* v. *Industrial Accident Com.,* 173 Cal. 252, [159 Pac. 715]; *Connolly* v. *Industrial Accident Com.,* 173 Cal. 407, [160 Pac. 239]; *First Christian Church* v. *Industrial Accident Com.,* 173 Cal. 552, [160 Pac. 675].)

All this is admitted in the majority opinion. The decisions in the cases last cited, although they were all cases in which the awards of the commission were attacked by a direct proceeding in this court, as provided in the Workmen's Compensation Act, were necessarily based upon the proposition that such an award was upon a subject matter that was beyond the jurisdiction of the commission, and they fully establish that proposition. This, also, is admitted, or at all events, not disputed, in the majority opinion.

The principle I have stated applies to all courts, the highest as well as the lowest. There is no exception, not even in the case of the supreme court itself. This court has no jurisdic-

tion to entertain an appeal from a money judgment of a justice of the peace; that is a subject matter to which its powers do not extend. If it should nevertheless go through the form of entertaining such an appeal and should thereupon enter its judgment reversing the judgment of the justice of the peace, the latter judgment would not be thereby reversed, but would remain in full force notwithstanding the purported reversal by this court. The justice of the peace could lawfully proceed to issue an execution thereon and the execution could be enforced, paying no attention to the reversal.

The majority meet this condition by the assertion that the Industrial Accident Commission is an exception. The exception exists, they say, because of the peculiar provisions of the Workmen's Compensation Act. They point to the provision of section 84, that "no court of this state (except the supreme court and the district courts of appeal to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order, decision or award of the commission or to suspend or delay the operation or execution thereof," and to provisions of section 27 of similar import and of section 73, declaring that awards of the commission made "in conformity with law" shall be conclusively presumed to be reasonable and lawful until set aside upon a review as provided in section 84. And these provisions, they say, forbid all question, in any other court, concerning the validity of any award of the commission, no matter how obviously and palpably void it may be on the face of the record thereof. The claim is that the invalidity, though patent, cannot be taken advantage of in any collateral proceeding in any court, or at all.

The phrase "collateral attack" is relied on to justify this proposition. The act says that such award shall not be "reviewed, reversed, corrected or annulled" in any other than the prescribed manner. This, it is claimed, precludes all other "attacks." The words bear no such significance. They each have a well known and somewhat limited meaning, and they all refer to some sort of direct proceeding in which the rulings and the award may be examined with a view to determining whether or not they were regular or sanctioned by law and with the object of vacating the award if on such examination sufficient cause therefor is found. A judgment is "reviewed" when the proceedings leading up to it are examined by some other tribunal with power to vacate, reverse, annul, or cor-

rect it after such examination. It is "reversed" or "annulled" when the higher tribunal, on such review, upon finding it erroneous or void, so adjudges. It is "corrected" when, on such review, it is found erroneous or void in part, only, and the offensive part is eliminated.

These provisions of the act limiting the power of review of awards of the Industrial Accident Commission and forbidding such review by any court other than those specified introduce no new feature into our law. A judgment of the superior court cannot be "reviewed, reversed, corrected, or annulled," except by the courts specially empowered to do so and in the manner specially provided for that purpose. There may be more methods of procedure for review provided, but the principle is the same, and, of course, the greater variety of methods has no bearing on the question at issue. The same is true of judgments of justices of the peace. A judgment or order of a superior court may be reversed or corrected on appeal by the supreme court or by a district court of appeal. It may be annulled on *certiorari,* for want of jurisdiction, by the same courts. And it may be annulled or set aside for fraud or mistake by an action in equity for that purpose by the superior court itself. These are all expressly provided by law and are all of the class known as direct attacks. And none other is provided or permitted. The provisions of the act aforesaid, therefore, do no more than to place the Industrial Accident Commission, which is a tribunal of special and limited jurisdiction, upon the same plane, with respect to presumptions in its favor, and in respect that its awards can be directly attacked only by the specified courts, as that on which the law had already placed courts of general jurisdiction. The reasonable and obvious conclusion and interpretation of the act would be that this was all that was intended by the language used, since that is all that its natural and ordinary meaning imports. Yet, notwithstanding these limitations upon the power and manner of reviewing judgments of the superior courts, fully as drastic as those applying to the commission, it has never been supposed or contended that such judgments, if shown by the record thereof to be upon a subject matter not within its jurisdiction, were not ineffectual and void, subject to collateral attack, so called, at any time or place, or that they could not be safely ignored and disre-

garded by the parties thereto as well as by others. It is universally conceded that such is the case.

Why should there be a discrimination between these tribunals whereby such limitations, when applied to superior courts, should leave their judgments open to impeachment or °question collaterally, or obvious want of jurisdiction, but when applied to the Industrial Accident Commission, places its award beyond reach or question collaterally, although obviously and openly upon a matter over which the commission is given no power or jurisdiction whatever? The majority do not attempt to answer this question, or to give any reason for the discrimination. It does not appear that they have even perceived that there is such discrimination. In my opinion, no answer is possible and no reason for the discrimination exists.

Nor can I perceive any reason in justice for enlarging the accepted meaning of the words of the act, as, in my opinion, the majority has done. The view advanced by me could not materially affect the proceedings of the commission. The invalidity of its awards can be taken advantage of, under the principles above stated, only when the excess of jurisdiction appears on the face of the record. This means that it can be done only when the record itself shows that the commission has committed, or attempted to commit, an injustice; when it has awarded compensation from a person whom the law does not make liable therefor, or has assumed to adjudge a matter wholly foreign to its functions, such, for example, as to give judgment for the recovery of money due on contract, or for damages for conversion of property. It must be admitted that if an award purports to impose a liability upon someone upon whom the law does not cast the burden, reason, fair dealing, and justice alike would require that such award should have the stamp of invalidity so impressed upon it that it could be made available at any time and under any circumstances. Surely, the commission itself can have no wish to have its mistakes of that character cause such hardship and injustice, it being itself powerless to correct the mistake after the lapse of thirty days from the making thereof. Such straining of the ordinary meaning of words would seem to have no possible result other than to perpetuate injustice and wrong in cases where from any cause such as inadvertence, ignorance, sickness, or other disability, the party so mulcted

has failed to take the direct proceeding authorized by the act. To allow such collateral objection to prevail does not tend to destroy or hamper the facility with which employees may obtain the compensation to which they are entitled from the person whom the law makes liable, as the majority seem to fear; for it is only when he has obtained an award to which he is not entitled and from a person who is not liable and could not be made liable, and when this appears by the record of the award itself, that the principle can be invoked against him, and in such case it cannot be said to hamper him in the pursuit of any just claim.

The majority admit that "in the highly inconceivable event of the commission assuming jurisdiction of an action for damages for libel or slander, or one for money due for goods sold and delivered, or one for damages for negligence, or, indeed, any proceeding other than one under the Workmen's Compensation, Insurance and Safety Act, looking to the fixing and enforcement of compensation to an employee, or to his dependents in the event of his death, on account of injuries received by him in the course of his employment," the objection of lack of jurisdiction of the subject matter may be urged collaterally. They also admit, as before stated, that a proceeding against the original contractor by an employee of a subcontractor, to obtain compensation for an injury received in the course of *that* employment, is not a lawful proceeding under said act, nor a proceeding authorized thereby. They therefore admit the error of their conclusion. The argument is comparable to the defense of the wet-nurse in Marryatt's story of Mr. Midshipman Easy, who, when taxed by the austere and highly moral father of little Jack with being the mother of an illegitimate child and, therefore, unfit to suckle the child of such a father, answered by way of confession and avoidance, "But it was such a little one." Here, the award being for compensation to plaintiff for injuries received in the course of his employment, and the only departure from the authority of the commission being that it has avowedly charged such compensation to one who was not legally liable, and could not lawfully or justly be made liable therefor, it is too small to be taken advantage of collaterally, although wholly unauthorized, as completely without authority of law as would have been an award of damages for libel.

As if perceiving that the above-mentioned admission is a little awkward in its logical results, the majority opinion proceeds to endeavor to show that there was some semblance of jurisdiction in the commission when it made the award here in question. There was jurisdiction, they say, because the proceeding was "by an employee to obtain an award by the commission of the compensation provided" by the act for injuries accidentally received by the employee in the course of his employment. From this small premise it is argued that the commission is thereby given jurisdiction to make an award against any person from whom the employee sees fit to ask it, whether such person is the employer or not. Of course, if this argument were good, this court could never, in any direct proceeding to review such award, have power to annul it; for, jurisdiction of the person being admitted, there would be jurisdiction of the subject matter also, and, no other cause being set up, it would be only for lack of such jurisdiction that this court could, under the act, set aside an award. But the argument states only half the case. It is as if one of our superior courts should give judgment foreclosing a mortgage on land lying wholly outside of the state and when the objection of want of jurisdiction of the subject matter is made, the plaintiff should answer that the superior court has jurisdiction of actions to foreclose mortgages on land. The obvious reply would be that the fact that land shall lie in this state is essential to the jurisdiction and that it is necessary to be included in any complete description of such jurisdiction. The application of the illustration is obvious.

There is no question here of the failure of the complaint before the commission to state a valid claim under the act. It is not disputed that the claim was made against Janssen solely on the ground that he was the original contractor, and upon the theory, now known to be erroneous, that the act cast upon him in that character a liability to compensate the employee of a subcontractor under him. The record plainly shows on its face that this is the fact of the matter. Nor was it a mere lack of evidence to show that Janssen was the employer of the plaintiff. There never was a claim that he was such employer.

Running through the majority opinion there is apparent an erroneous idea as to the nature of what is denominated a "collateral attack," the idea that it is some sort of proceeding to

review the decision so attacked or objected to in the collateral suit. This is not in any sense true. When a judgment appears on its face to have been made by a tribunal having no power to act at all on the subject matter thereof, it is, as Mr. Freeman says, "in legal effect, no judgment." "It neither binds nor bars anyone." (Freeman on Judgments, sec. 117.) The objection may be raised at any time or place, in court or out of court. And when raised and sustained, no direct action upon the void judgment ensues in the sense that it is vacated, annulled, or reversed. It is merely excluded from consideration if the objection is made in court in a collateral action, or disregarded entirely if the objection is made by a party interested in the course of a business transaction out of court. In a trial in a justice's court an objection of this character can be made to a judgment of the superior court, over whose judgments a justice's court can have no reviewing power whatever. The justice, nevertheless, has power to sustain the objection and exclude proof of the void judgment. And his ruling can itself be reviewed only on appeal to the superior court.

Finally, it is said that section 21, article XX, of the constitution gives the legislature power to provide this immunity of awards of the commission from question collaterally, even when they are upon matters not committed to the commission either by the legislature or by the constitution itself. The statement in that section that "the legislature may provide for the settlement of any disputes arising under the legislation contemplated by this section," refers only to the preceding sentence, wherein power is given to the legislature to "create and enforce a liability on the part of all *employers* to compensate their *employees*" for injuries arising out of, and happening in the course of, their employment. This section, therefore, does not contemplate any legislation allowing a liability for compensation to be created against persons not employers, nor legislation providing that compensation awarded against persons not employers shall be immune from collateral attack, and that though invalid for want of power if directly attacked, they immediately become valid and enforceable if such direct attack, for any reason, is not made within the short time allowed. Hence, whatever power the legislature may have over such matters, it does not derive that power from this section, but obtains it from the general grant

of legislative power found in article IV. But, in my opinion, it is entirely clear that the legislature has made no attempt to exercise such power by any provision of the act under consideration.

For these reasons I am of the opinion that the writ of mandate applied for should have been refused.

Sloss, J., and Melvin, J., concurred.

Rehearing denied.