[S. F. No. 8910.  In Bank.—June 5, 1919.]

PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, etc., et al., Respondents.

[S. F. No. 8918.  In Bank.—June 5, 1919.]

C. E. PERRY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, etc., et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—RELATIONSHIP OF EMPLOYER AND EMPLOYEE — HEARSAY TESTIMONY — FINDING CONCLUSIVE ON REVIEWING COURT.—In view of section 60 (a) of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 871), a finding of the Industrial Accident Commission of the existence of the relationship of employer and employee based upon hearsay evidence is binding upon the reviewing court.

[2] ID.—AWARDING COMPENSATION AGAINST PERSON OTHER THAN EMPLOYER—PROVISION OF 1917 UNCONSTITUTIONAL.—Section 25 of the Workmen's Compensation Act of 1917 (Stats. 1917, p. 853) is unconstitutional in so far as it attempts to authorize the awarding of compensation against a third person not an employer, for the same reason that the previous statute was unconstitutional, and the amendment to section 21 of article XX of the constitution in 1918 does not ratify the legislation condemned as unconstitutional in *Carstens* v. *Pillsbury,* 172 Cal. 572.

PROCEEDINGS on Certiorari to review an award of the Industrial Accident Commission.  Affirmed in part, annulled in part.

The facts are stated in the opinion of the court.

William B. Bosley and John P. Coghlan for Petitioner in S. F. No. 8910.

Gilbert D. Ferrell for Petitioner in S. F. No. 8918.

Christopher M. Bradley for Respondents.

WILBUR, J.—Two petitions are filed to review the same order of the Industrial Accident Commission, awarding compensation for the death of Robert E. Kendall.  The award

was made under the provisions of section 25 of the Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, p. 831), against C. E. Perry, as the immediate employer, and against the Pacific Gas & Electric Company, as the principal employer.

Both petitioners claim that the evidence is insufficient to show that the relation of employer and employee existed between Perry and the deceased. The only question of fact in the case is whether the relation between Perry and the deceased was that of employer and employee, or that of a co-partnership. It appears from the evidence that Perry, as an independent contractor, entered into a contract with the petitioner, Pacific Gas & Electric Company, to furnish for $20 a day a five-ton road roller, with a man and necessary gasoline and supplies, for the purpose of rolling the earth that had been filled into a trench in which the gas-mains of the petitioning company had been laid. After the making of this contract Perry entered into an arrangement with the deceased by which the deceased operated the roller in question. The deceased was crushed between a heavy automobile truck and the road roller while so engaged, and so injured that he died. In the absence of other evidence the law would imply a contract of employment. That a proposition was made by Perry to the deceased by which the latter was to operate the road roller upon a "fifty-fifty basis" is established by the testimony of Perry and others, and is found by the commission to be a fact. The commission also found that the proposition was never accepted, but was still under consideration at the time of the fatal accident. Perry and his wife testified to conversations with the deceased tending to show an acceptance of Perry's proposition. To rebut this evidence the testimony of decedent's wife, his sister, and other witnesses was received to prove declarations of the deceased made from time to time and up to the day before the accident, to the effect that the deal between Perry and himself had not been consummated. This was hearsay, and petitioner Perry, conceding its admissibility under the express provisions of the statute (Stats. 1917, sec. 60a), states: "It may be said that it is for the commission alone to say as to the weight of credibility to be given to this evidence. If so, then the commission may, arbitrarily or otherwise, as in the present case, disregard, *in toto,* all evidence heretofore considered by the law

and the courts as admissible, and entitled to any consideration at all, and base its findings on the sandy foundations of some hearsay evidence, giving to such hearsay as great or greater weight than it would be entitled if it were concededly of the most competent character, without limitation on the commission of any sort, or redress on the part of one aggrieved thereby.'' It being granted that the testimony was admissible, it follows, of course, that the weight of the evidence is to be determined by the commission. It is true that when we depart from well-recognized principles of law concerning the admissibility of evidence, we embark upon a sea of difficulty. This was pointed out in August, 1915, in *Englebretson* v. *Industrial Accident Com.*, 170 Cal. 793, [151 Pac. 421], concerning hearsay evidence. The legislature, however, has since expressly provided that neither the commission nor its referees, ''shall be bound by the common law or statutory rules of evidence or procedure, . . . nor shall any order, award, rule, or regulation be invalidated because of the admission into the record, and use as proof of any fact in dispute, of any evidence not admissible under the said common law or statutory rules of evidence and procedure.'' (Stats. 1917, p. 871, sec. 60a.) Similar provisions of the law of 1915 have been considered by this court and upheld. (Stats. 1915, p. 1102, sec. 77a; *Western Indemnity Co.* v. *Industrial Accident Com.*, 174 Cal. 315, [163 Pac. 60] ; *Employers' Liability Assur. Corp.* v. *Industrial Accident Com.,* 179 Cal. 432, [177 Pac. 273].) It may be remarked, however, in this connection that the testimony of both Perry and his wife upon which he relies to establish the fact of acceptance by deceased, although permitted by our statute, was inadmissible under the common law, on the ground of their interest in the controversy. (1 Greenleaf on Evidence, secs. 326, 328c, 333b, 334, 335, 341; *Dawley* v. *Ayers*, 23 Cal. 108.) [1] The finding of the commission that the relationship between Perry and the deceased was that of employer and employee is binding upon this court.

The Pacific Gas & Electric Company asks for a review on the additional ground that section 25 of the act of 1917 is unconstitutional, and that therefore the commission had no jurisdiction to entertain the proceeding or to make the award against it. It has been held that the state constitution did not contemplate a law authorizing an award of compensation by the Industrial Accident Commission against some person

other than the employer. (*Carstens* v. *Pillsbury,* 172 Cal.
572, [158 Pac. 218]; *Sturdivant* v. *Pillsbury,* 172 Cal. 581,
[158 Pac. 222]; *Western Metal Supply Co.* v. *Pillsbury,* 172
Cal. 407, [Ann. Cas. 1917E, 390, 156 Pac. 491].)  It was
therefore held that section 30 of the Workmen's Compensation
etc. Act of 1913 (Stats. 1913, c. 176, p. 294) was violative of
article XX, section 21, of the constitution.  The Workmen's
Compensation etc. Act of 1917 changes the language of the
corresponding section (25), so that instead of using the word
"principals" the words "principal employers" are used, and
instead of the word "contractors" the words "contracting em-
ployers, general or intermediate," are used (sec. 30, Stats.
1917, p. 853); but the change does not meet the constitutional
difficulty, for the reason that the terms "employers," "em-
ployees," and "employment" as used in section 21, article XX,
of the constitution, as amended in October, 1911, must be con-
strued in the light of their meaning at the time of the adoption
of the amendment, and cannot be extended by legislative defini-
tion, for such extension would, in effect, be an amendment of
the constitution, if accepted as authoritative. (See *Employers'
Liability Assur. Corp.* v. *Industrial Accident Com.,* 179 Cal.
432, [177 Pac. 273], and cases there cited.)  It would follow,
therefore, that the reasons for holding section 30 of the Work-
men's Compensation Act of 1913 unconstitutional would apply
with equal force to section 25 of the act of 1917 (*Carstens* v.
*Pillsbury,* and other cases, supra).  Respondent, however, con-
tends that the legislative power was enlarged by the addition
of section 17½, article XX, to the constitution by an amend-
ment adopted November 3, 1914, and that such amendment
authorizes the legislation in question.  This amendment was
in force at the time of the decision in *Carstens* v. *Pillsbury,*
*supra,* decided in 1916, and no contention was then made by
respondents that it authorized the legislation in question.  It
provides that: "The legislature may, by appropriate legisla-
tion, provide for the establishment of a minimum wage for
women and minors and may provide for the comfort, health,
safety and general welfare of any and all employees.  No pro-
vision of this constitution shall be construed as a limitation
upon the authority of the legislature to confer upon any com-
mission now or hereafter created, such power and authority as
the legislature may deem requisite to carry out the provisions
of this section."  It is contended that the language, "and may

provide for the comfort, health, safety and general welfare of any and all employees,'' and the last sentence of the amendment, ''gives unlimited scope to the legislature in conferring jurisdiction upon respondent commission.'' The Workmen's Compensation Act of 1917 provides in section 1: ''This act and each and every part thereof is an expression of the police power and is also intended to make effective and apply to a complete system of workmen's compensation the provisions of section seventeen and one-half of article XX and section twenty-one of article XX of the constitution of the state of California. A complete system of workmen's compensation includes adequate provision for the comfort, health, safety and general welfare of any and all employees and those dependent upon them for support to the extent of relieving from the consequences of any injury incurred by employees in the course of their employment, irrespective of the fault of any party,'' etc. These recitals in the legislative act by which it is sought to designate the source of constitutional power to enact the statute have no weight other than as an expression of the legislative opinion that the law is constitutional—an inference which arises with equal force from the fact of its enactment. It is sufficient for the purposes of this case to say that section 17½ only purports, so far as here involved, to authorize legislation with reference to ''employees,'' and its application, therefore, must be based upon the existence of an employment. The same considerations that led this court to hold unconstitutional the effort of the legislature to extend the provisions of the Workmen's Compensation Act to relations other than those of employer and employee would apply with equal force to legislation under this section. It is not, therefore, necessary for us, in this action, to further construe section 17½. It is not improper to observe, however, that the printed arguments for and against that amendment, submitted with the proposed amendment, to the people at the election in 1914 are wholly confined to a consideration of the law as affecting the establishment of a minimum wage for women and minors. It is true, of course, that this fact would not limit the plain language of the constitutional provision in question. But, in view of its broad general terms, that fact is worthy of consideration in ascertaining the intent of the people in adopting the amendment. From these considerations it is manifest

that no authority is thereby given to impose liability upon third persons for injuries to employees.

Respondent calls our attention to an amendment of section 21, article XX, adopted at the general election in November, 1918. This amendment completely revises that section. As it was adopted long after the accident in question, it is conceded that it has no application, save, as is contended, that the last paragraph of the amendment has "swept away any technical defect which might have existed to hamper the full exercise of jurisdiction by the Industrial Accident Commission under the statute which was in force when the amendment was adopted. The portion of the amendment thus relied upon is as follows: 'Nothing contained herein shall be taken or construed to impair or render ineffectual in any measure the creation and existence of the Industrial Accident Commission of this state or the state compensation insurance fund, the creation and existence of which, *with all the functions vested in them,* are hereby ratified and confirmed.'" (Italics ours.) For the purposes of this case it is sufficient to notice that so far as the amendment in effect ratifies and confirms existing legislation purporting to vest power in the commission to award compensation against persons other than the employer, such power never was vested in the commission for the reason that the legislative attempt to vest such power was unconstitutional and void. (*Carstens* v. *Pillsbury, supra.*) The amendment does not attempt to ratify this futile legislation, but only to ratify in the commission "functions vested in them." This amendment did not, therefore, purport to extend the power of the commission beyond that which had theretofore been lawfully vested in them. The fact, if it be a fact, that the commission was exercising the functions provided by the law of 1917 (sec. 25), that is, that they were in fact awarding compensation to employees against others than their employers, does not "vest" such functions within the meaning of the amendment, which must obviously refer to legal authority. It should be observed that the amendment did not attempt to ratify the Workmen's Compensation Act of 1917, but merely to confirm powers already lawfully vested in the commission. This distinction can be best emphasized, perhaps, by calling attention to the difference between the language under consideration and that of the constitutional amendment of October 10, 1911, with relation to the Railroad Commission

and the Railroad Commission Act (Const., art. XII, sec. 22), wherein it was provided as follows: "The provisions of this section shall not be construed to repeal in whole or in part any existing law not inconsistent herewith, and the 'Railroad Commission Act' of this state approved February 10, 1911. shall be construed with reference to this constitutional provision and any other constitutional provision becoming operative concurrently herewith, and the said act shall have the same force and effect as if the same had been passed after the adoption of this provision. . . . " In the latter case the legislation was expressly ratified and the method of its interpretation pointed out in the constitutional amendment, while the amendment under consideration merely purports to ratify powers and functions already vested in the commission. If it was proposed to ratify and confirm legislation otherwise unconstitutional, that purpose should have been clearly expressed.

[2] It follows, then, that section 25 of the Workmen's Compensation Act of 1917 (Stats. 1917, p. 853) is unconstitutional in so far as it attempts to authorize the awarding of compensation against a third person not an employer, for the same reason that the previous statute was unconstitutional, and that the amendment to section 21 of article XX of the constitution does not ratify the legislation condemned as unconstitutional in *Carstens* v. *Pillsbury, supra.*

Petitioner Perry also complains that the award was excessive, but upon the basis of his own testimony that one could work at the business two hundred and sixty days in a year at six to seven dollars a day the award was not excessive.

The order awarding compensation against petitioner C. E. Perry is affirmed, and that portion of the order seeking to award compensation against the Pacific Gas & Electric Company is annulled.

Shaw, J., Lennon, J., Melvin, J., Olney, J., and Angellotti, C. J., concurred.

LAWLOR, J., Concurring.—I concur specially in the judgment and in what is said on the question whether the relationship of employer and employee existed between C. E. Perry and the deceased. I also concur in the judgment on the constitutional question. This I would not be prepared to do, however, if the questions decided in *Carstens* v. *Pillsbury,* 172

Cal. 572, [158 Pac. 218], and *Sturdivant* v. *Pillsbury*, 172 Cal. 581, [158 Pac. 222], were now presented for the first time. I dissented in those cases principally for the reason that, in my opinion, the grant of power to the legislature (sec. 21, art. XX, Const.) authorized that body, in order more fully to realize the fundamental objects of the new order of rights and liabilities, to create and enforce a liability against the owner, the general contractor and the subcontractor as well as against the immediate employer of the injured workman. To this view I still adhere, but the above decisions to the contrary having become the settled law of the state, I think the conclusion reached herein must be accepted.