BOYD WILLIAMS *et al. v.* TOM BUCHANAN.*

(*Nashville.*   December Term, 1923.)

1. **MASTER AND SERVANT.**   Contractor for building State high-way liable for compensation to injured employee of subcontractor.
   Workmen's Compensation Act, section 15 is to be construed as making principal contractors liable for injuries to subcontractors' employees "to the same extent as the immediate employer," the injury occurring in or about the principal's premises; consequently, where one contracting to build a State highway contracted with an independent subcontractor to quarry stone in a State quarry which had been turned over to him, retaining no control of the manner of quarrying except to supply a fireman to operate a State drill when necessary, an employee of the subcontractor could recover from the principal contractor compensation for injury to his eye.   (*Post, pp.* 642-645.)

   Acts cited and construed:   Acts 1919, ch. 123.

   Cases cited and approved:   Indemnity Co. v. State Ind. Acc. Comm., 172 Cal., 766; Stephens et al. v. Westlake et al., 215 Pac., 1025; Lafferty v. United States Gypsum Co., 83 Kan., 349.

2. **MASTER AND SERVANT.**   Defense of want of notice of compensable injury held not available on appeal.
   In a proceeding for compensation under Workmen's Compensation Act, failure of defendant's answer to raise the question of employee's failure to give written notice of injury to defendants, and his objection to evidence of such notice, insisting on its immateriality, *held* to estop him from urging the point on appeal. (*Post, pp.* 645-646.)

---

*On independent contractors, sub-contractor and their employees, as employees within the meaning of Workmen's Compensation Act, see notes in L. R. A., 1916A, 118, 247;  L. R. A., 1917D, 147;  L. R. A., 1918F, 206.

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County. —HON. A. G. RUTHERFORD, Judge.

J. E. TRAVIS, for appellants.

VAUGHN BLAKE, for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

The parties to this action will be referred to according to their status in the court below; that is, as petitioner and defendants.

Petitioner, Tom Buchanan, filed his petition in the circuit court of Davidson county against defendants, Boyd Williams and Southern Surety Company, to recover compensation alleged to be due him under the Workmen's Compensation Act (Acts 1919, chapter 123), for an injury sustained August 4, 1922, while in the employ of one John Turner, a subcontractor of the defendant Williams, who was engaged in constructing one of the highways of this State under a contract with the State Highway Commission, and was operating under the Workmen's Compensation Act.

The defendant Southern Surety Company was an insurer of the defendant Williams against injury to his employees engaged in the construction of said highway.

The State Highway Commission had turned over to defendant Williams a rock quarry which it owned, and

granted him the privilege of quarrying therefrom the rock or ballast necessary to be used in the construction of said highway. This rock quarry was situate about one-half mile from the right of way on which the highway was being constructed. In the construction of said highway it was necessary for defendant Williams to use rock of certain dimensions in the base of the road, and also crushed rock for ballast, etc. To have the rock for this purpose quarried Williams entered into a contract with one John Turner, by which he agreed to pay Turner 65 cents per cubic yard for all rock quarried and ricked at the quarry so it could be measured. This rock was to be quarried by Turner from the quarry turned over to defendant Williams by the State Highway Commission. Defendant Williams retained no control over the manner of quarrying the rock, but was only interested in the result. In the process of quarrying said rock it was necessary for Turner to use a steam drill for the purpose of making holes to shoot the dynamite and break up the rock. There was a steam drill located at the quarry which belonged to the State Highway Commission, and this Turner was permitted to use in drilling the rock for shooting. When necessary to use the drill the defendant Williams furnished Turner a fireman to operate the drill at so much per day, and the wages of this fireman was charged by Williams to Turner.

Petitioner Buchanan was employed by Turner in the quarrying of this rock, Turner paying Buchanan 55 cents per cubic yard for the rock quarried by him. While sledging rock in said quarry under his contract with Turner a small piece of rock struck him in the eye, and so injured

it as to make its removal necessary. Petitioner was earning $17 per week at the time of his injury. The medical and surgical bill incurred by petitioner in having his eye removed and the socket subsequently treated amounted to $125.

To the petition filed against them defendants denied that petitioner was, at the time of said injury, an employee of the defendant Williams, the principal contractor, and that therefore the Workmen's Compensation Act had no application to said injury.

The case was tried before the circuit judge of the First circuit court of Davidson county, and a judgment was rendered in favor of petitioner and against the defendants for the sum of $8.50 per week, which amount was one-half of his average weekly wage, for a period of 100 weeks, and also $100 for medical and surgical bill. From this judgment defendants have appealed to this court, and assign errors.

By their first assignment of error it is insisted that there is no evidence to sustain the judgment of the court. It is insisted under this assignment that the undisputed evidence shows that John Turner, in whose employ petitioner was at the time he was injured, was an independent contractor, and was not in the employ of defendant Williams, and therefore defendants were not liable under the Workmen's Compensation Act to petitioner for the injury sustained.

Section 15 of the Workmen's Compensation Act (chapter 123, Public Acts of 1919) provides as follows:

"That a principal, intermediate or subcontractor shall be liable for compensation to any employé injured while

in the employ of any of his subcontractors and engaged upon the subject-matter of the contract to the same extent as the immediate employer. . . .

"This section shall apply only in cases where the injury occurred on, in or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management."

We think, under this section of the act, principal contractors are made liable for injuries sustained by employees of subcontractors arising out of and in the course of their employment, whether such subcontractors be independent contractors or otherwise, provided that, at the time of the injury, the employee was engaged upon the subject-matter of the general contract, and provided, further, that the injury occurs on, in, or about the premises on which the principal contractor has undertaken to do work, or which are otherwise under his control or management. It seems to us that no other reasonable construction can be given said section. It will be noted that said section expressly provides that the principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject-matter of the contract to the same extent as the immediate employer. We think the meaning of said section is not open to doubt, but is plain and unambiguous. The evidence shows that the rock quarry at which petitioner was injured had been turned over to defendant Williams by the State Highway Commission. Williams was operating a rock crusher at said quarry, and was engaged in hauling rock and ballast from said quarry after it had been pre-

pared for use on the highway, and the quarry was subject to his dominion and control. So there can be no room for controversy that petitioner's claim for compensation is clearly within the provisions of section 15 of said act.

Defendants cite three cases which they claim support their contention that Turner was an independent contractor, and, petitioner being in the employ of such independent contractor, the Workman's Compensation Act has no application to his injury.

The first of these cases is *Indemnity Co.* v. *State Industrial Acc. Commission,* 172 Cal., 766, 158 Pac., 1033. This case was tried by the Supreme Court of California June 28, 1916, and does not purport to be a construction of a section of the California Workmen's Compensation Act similar to section 15 of our act.

The second case is *Stephens et al.* v. *Westlake et al.,* 215 Pac., 1025. This is also a California case. An examination of this case shows that the applicant for compensation had for some years been the owner of wagons and a number of horses. He was a hauling contractor, and there is nothing in the opinion to show that his injuries occurred on, in, or about the premises on which the principal employer or contracting employer had undertaken to execute or to have executed any work, or were otherwise under his control or management. Furthermore, the claimant was not an employee of the principal contractor, but was an independent contractor.

The third case is that of *Laffery* v. *United States Gypsum Co.,* 83 Kan., 349, 111 Pac., 498, 45 L. R. A. (N. S.), 930, Ann. Cas., 1912A, 590. This case was a common-law action, and did not involve injury to any employee operat-

ing under the Workmen's Compensation Act. So none of these cases are applicable to the case at bar.

We think section 15 of our Workmen's Compensation Act is clearly applicable to the injury sustained by petitioner.

It is next insisted that the trial court erred in holding that notice to John Turner of petitioner's injury was notice to defendants within the meaning of section 22 of the Workmen's Compensation Act.

We think defendants are estopped from relying on this defense. Defendants filed joint and separate answers to the petition on November 22, 1922, in which no question of failure of notice was raised. The case was tried February 23, 1923. On the trial petitioner offered to prove written notice to defendants. This evidence was objected to as immaterial. In support of this objection defendants' counsel stated to the court:

"I don't care what is in that letter; this whole lawsuit is going to turn on whether or not Turner was or was not an employee.

"Mr. Blake (counsel for petitioner) : If you are making no contest of the notice—

"Mr. Travis (counsel for defendants) : There is no use to write a letter, for Turner was there, and went after the doctor.

"The Court : That is true; but they have got a right to prove that they sent a written notice, if they can, or actual notice; but, of course, notice is no account if they didn't notify the right person.

"Mr. Travis : That is the point I am making.

Williams v. Buchanan.

"The Court: I am letting this in because it may turn out that this man Turner was your agent.

"Mr. Travis: The fact that he went after the doctor, if he is our agent, that hangs us on the case; he went after the doctor."

The record discloses that all the evidence was introduced on February 23, and defendants did not file their plea of failure to give notice till March 19, the day on which judgment was rendered against them.

The trial court was correct in holding defendants liable under section 15 of the Workmen's Compensation Act, and its judgment is therefore affirmed, with costs.