JUDITH B. NIEVA & Co., *S. en C.*, Plaintiff and Appellee, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO ET AL., Defendants and Appellants. *

No. 6052.   Argued May 23, 1933.—Decided February 2, 1934.

*B. Horton, Attorney General,* and *R. Cordovés Arana* for appellants. *O. Souffront* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Section 30 of the Workmen's Compensation Act, as amended in 1930 (Session Laws, pp. 394, 396), reads as follows:

"Insurers insuring workmen under this Act shall, at the request of the Industrial Commission, furnish it in writing any information required in connection with the administration of this Act including any statistics and the names of all employers insured by them.

---

\* NOTE.—An appeal taken from this decision to the U. S. Circuit Court of Appeals **for** the First Circuit was dismissed.   See 83 F. (2d) 981.

"Every employer insured with the state fund, and every employer insured with private companies, or who is his own insurer, in reporting his annual payrolls in the first case; in paying his premiums to such companies in the second case, and in paying his assessments in the third case, as provided by Section 52 of this Act, shall include in said payrolls the wages paid all laborers working for or to be employed by him whether by the job or under some person with whom the employer contracted for the job or under an independent contractor or sub-contractor employed or contracted with by said employer, and all assessments, imposts or taxes collected by the State or by private companies, shall be based on the employer's current payroll so estimated, if he is insured with the State, or on the reports rendered by employers who are their own insurers or who are insured with private companies, such reports to include the workmen hereinbefore mentioned; *Provided,* That this provision shall not be applicable to employers for whom work is done by an independent contractor insured as an employer under the provisions of this Act."

The district court held this section to be unconstitutional to the extent that it requires an employer to include in his payrolls as reported to the Industrial Commission the amounts paid to independent contractors or subcontractors or the amounts paid by such independent contractors or subcontractors to workmen who have not contracted with such employer, are not subject to his orders, direction or control, do not work in his shop under his supervision, and are not his immediate employees; and to the extent that it requires the employer to insure such workmen. In support of this view the district judge relied on *Carstens* v. *Pillsbury et al.,* 172 Cal. 572; *Sturdivant* v. *Pillsbury et al.,* 172 Cal. 581 and *Thaxter* v. *Finn,* 178 Cal. 270. Counsel for appellee also cites *Western Indemnity Co.* v. *Industrial Accident Commission,* 172 Cal. 766; *First Christian Church* v. *Industrial Accident Commission,* 173 Cal. 552; *Pacific Gas and Electric Company* v. *Industrial Accident Commission,* 180 Cal. 497; and *Worswick Company* v. *Industrial Accident Commission,* 181 Cal. 550.

The California Constitution at the time of the earlier cases provided that "the legislature may by appropriate legislation create and enforce a liability on the part of all employers to compensate their employees for any injury incurred by the said employees in the course of their employment irrespective of the fault of either party." In these earlier cases the California Supreme Court construed the word "employees" to mean "immediate employees" and held that the legislature under this grant of authority had no power to create and enforce any liability on the part of employers as to workmen who were not the immediate employees of such employers. In some of the later cases the same court held that an amendment to the constitution had not changed the meaning of the language already construed and adhered to the doctrine of the earlier cases.

Our Organic Act places no such restriction upon the grant of legislative authority therein contained. By the terms of section 37, that authority "shall extend to all matters of a legislative character not locally inapplicable." Section two says that "nothing contained in this Act shall be construed to limit the power of the Legislature to enact laws for the protection of the lives, health, or safety of employees." The California Constitution was dealing specifically with employers and *their* employees. The word "their" is significant.

It suffices to distinguish the California cases. The dominant thought in the minds of the framers of the California Constitution was the relationship between employers and "their employees" and the liability of employers arising out of that relationship. It is a fair inference that when they spoke of "employers and their employees," what they had in mind was the immediate relationship. Indeed we may seriously question whether it ever occurred to them that some future legislature might attempt to create and enforce a liability on the part of an employer for injuries received by the employee of an independent contractor who was not himself insured. Congress in dealing with Puerto Rico took a more

liberal view. The word employees, of course, implies the existence of an employer but there is nothing to indicate any concern on the part of Congress as to the identity of such employer or as to the existence of an immediate relationship. When Congress used the word "employees" without qualification or restriction it meant any and all employees by whomsoever employed. Its purpose was to preclude the possibility of any curtailment of the police power by judicial interpretation. It was not alarmed by the possibility that the Puerto Rican Legislature might follow the example of other American legislatures in requiring employers to furnish as a basis for fixing the amount of insurance premiums or assessments information concerning the amounts paid to the employees of independent contractors or sub-contractors who were not themselves insured. Section two was not designed as a limitation upon the police power. Incidentally, it is a full recognition of the existence of that power as vested in the Insular Legislature and subject only to the general principle governing the exercise thereof. Primarily it is an express provision against judicial interference with the legislative will by construction of any part of the Organic Act. Whether the California court was right or wrong in its construction of the California Constitution the doctrine of the California cases does not establish the unconstitutionality of section 30 of the Workmen's Compensation Act, *supra*.

The judgment appealed from must be reversed.

Mr. Justice Wolf and Mr. Justice Aldrey dissented.

MR. JUSTICE WOLF, dissenting.

To my mind, the solution of the problem does not depend upon the fact that the Constitution of California used the word "employees" and the court held that the constitution meant immediate employees. The fact would remain that the employees of a subcontractor are not employees of the principal contractor in any sense whatsoever. The principal contractor had no nexus or relation with the workingmen

employed by the subcontractor. If one goes back to the common law, an employee of a subcontractor who suffered an injury by reason of the negligence of the principal contractor would have an action against the latter; and the doctrine of the assumption of risk could not be invoked against him. The modern theory is to require, by adequate workmen's compensation laws, that the employer should protect the lives and health of his employees. A principal contractor, however, has no control over the employees of a subcontractor, and can not regulate the hours and manner of work nor in general the safeguarding of them. What the workmen's compensation acts have done is to create another class of obligation in the employer. The idea of the statutes, however, is not to make the employer an insurer of anybody who is under the control of somebody else. Words must be understood in their ordinary sense and when Congress spoke of "employees" it must have meant the ordinary relation existing between master and servant, and not an artificial one where the employees of another are involved, even though that other person is a subcontractor. If Congress under its police power could make this supposed inclusion, it should have done so in direct language.

I am authorized to state that Mr. Justice Aldrey joins in this dissent.