[L. A. No. 4511. In Bank.—August 2, 1916.]

## DONLON BROTHERS (a Copartnership), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

WORKMEN'S COMPENSATION ACT—INDEPENDENT CONTRACTOR—CONTRACT TO CUT FIREWOOD — INJURY TO EMPLOYEE OF SUBCONTRACTOR — OWNER OF LAND NOT LIABLE.—One who agrees with the owner of land to cut firewood therefrom at a stipulated price per cord is an independent contractor, and the owner is not liable, under the Workmen's Compensation Act, for personal injuries suffered by an employee of a subcontractor, while engaged in such work, who furnished his own tools and implements and labored at his pleasure, and was not under the authority or direction of the owner.

Id.—Relationship Between Owner and Injured Employee—Juris-
diction—Certiorari.—The question of the relationship existing be-
tween such owner and the injured employee is jurisdictional and re-
viewable by the supreme court on *certiorari.*

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Bradner W. Lee, Bradner W. Lee, Jr., and Kenyon F. Lee, for Petitioners.

Christopher M. Bradley, for Respondents.

HENSHAW, J.—Review of an award of the Industrial Accident Commission. The admitted facts disclose that petitioners, Donlon Brothers, a copartnership, contracted with K. Kataoka, agreeing to pay him $4.50 a cord for firewood which he was to cut from a row of eucalyptus trees growing on the tract of land owned by the Donlon Brothers. Kataoka, a Japanese, contemplated having the contract performed by Japanese labor. Unable to procure it, he contracted with Angel Garcia for the doing of the same work, agreeing to pay Angel Garcia at the rate of $4.25 a cord. Thereafter Angel Garcia in turn contracted with Lachuga to pay him $4 a cord for the doing of the same work. Lachuga entered into the performance of this contract, and employed one Antonio Hernandez to assist him, with the understanding that they were to divide the $4 per cord received. Lachuga furnished his own tools and implements and labored at his pleasure. He was not under the authority or direction of the petitioner, nor was Garcia, who employed him. While Lachuga and Hernandez were so working together Lachuga was killed by a falling tree. The opinion of the majority of the commission, upon which the award is based, is as follows:

"The evidence in this case makes out the case of a piece worker, cutting firewood upon property owned by Donlon Brothers, who had undertaken to have the work done on their premises by letting a contract to one Kataoka, who, through his agent, employed the deceased to cut wood at $4 a cord. The principal question to be determined was whether the

status of the deceased was that of an employee or an independent contractor. The deceased furnished his own working tools; he was a free agent as to his hours of labor, but he could be discharged at any time. His work was inspected and measured to determine whether or not it was satisfactory and to arrive at the amount of his earnings. His earnings are proved to have been less than the minimum of three hundred and thirty-three dollars and thirty-three cents fixed by the statute.''

Commissioner Weinstock filed his dissent, holding that the relation of employer and employee necessarily involves the element of personal service, which is not delegable, and that the facts clearly established that such relationship did not exist; that Kataoka, the only one with whom petitioner had dealings, was an independent contractor, and that this relationship extended to the subcontractor. In this we think the dissenting commissioner was clearly right. We consider the case too plain to demand the citation of authority, which, however, is most abundant. As the question of the relationship is jurisdictional (*Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180, [149 Pac. 35, 9 N. C. C. A. 466], *Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686, [151 Pac. 398, 10 N. C. C. A. 1]), it follows that the award must be annulled, even upon the findings of the commission, and it is so ordered. (*Carstens* v. *Pillsbury et al.,* 172 Cal. 572, [158 Pac. 218].)

Lorigan, J., Shaw, J., Sloss, J., Melvin, J., and Angellotti, C. J., concurred.