[S. F. No. 8127. In Bank.—November 10, 1917.]

## FIDELITY AND DEPOSIT COMPANY OF MARYLAND (a Corporation), and ROUND VALLEY LAND CO. (a Corporation), Petitioners, v. MARTIN A. BRUSH and INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, Respondents.

WORKMEN'S COMPENSATION ACT—MASTER AND SERVANT—INDEPENDENT CONTRACTOR NOT AN EMPLOYEE.—One who made an agreement with the superintendent of a corporation to cut cord wood and posts at a fixed rate for cord wood and a fixed rate for each post, with an understanding that he was to keep at work until told by the superintendent that a sufficient quantity had been produced for the company's use for the coming year, there being no agreement as to the hours of work or the methods to be pursued, was an independent contractor and not an employee.

ID.—PARTNER OR EMPLOYEE OF INDEPENDENT CONTRACTOR.—The son of an independent contractor who entered into an arrangement with him that they should work together and divide equally the amount to be received for the work was an independent contractor and not an employee, whether he was a partner or an employee of his parent, although the representative of the company for whom the work was being done knew that the son was so employed by the parent and approved the employment.

APPLICATION for a Writ of Review to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Alfred C. Skaife, and Guy Le Roy Stevick, for Petitioners.

Christopher M. Bradley, and Warren H. Pillsbury, for Respondents.

MELVIN, J.—A writ of *certiorari* was issued, directed to the Industrial Accident Commission, for the purpose of reviewing an award of compensation to Martin A. Brush, a laborer injured while cutting wood on the premises of the Round Valley Land Company.

The father of the applicant, one Seymour Brush, had made an agreement with the superintendent of the Land Company's property to cut sixty to eighty cords of wood, or as much as would be required for the use of the company in its kilns for the ensuing year. By the terms of this arrangement Seymour Brush was to be paid $1.75 a cord for firewood and six cents for each post cut by him. He was not required to cut any fixed amount of wood, but there was an understanding that he was to keep at work until told by Harrington, the superintendent, that a sufficient quantity of cut wood had been produced. There was no agreement regarding the hours of work nor the methods to be pursued. Brush entered into an arrangement with his son, Martin A. Brush (the man who was injured subsequently), whereby they agreed that they should work together, pile their wood together, and have it measured, and that the amount received for the work should be equally divided between them. The applicant testified that Mr. Harrington told him at times to assist his father with the work. This was denied by the superintendent, but giving to the testimony of Martin Brush all possible force it would not justify a finding that he was hired by the representative of the Round Valley Land Company to do the chopping. The father received payment whenever he asked the Land Company for an advance and the final settlement was made with him. The company was not a party to the agreement whereby the proceeds of the work were to be equally divided. The most that may be said of the company's participation in causing Martin to be engaged in the work is that its representative knew he was so employed and approved of his activity.

In holding that the father and the son were both employees of the Land Company, the Industrial Accident Commission sought to differentiate this case from *Donlon Brothers* v. *Industrial Accident Commission*, 173 Cal. 250, [159 Pac. 715], on the grounds that the man injured was not a remote contractor, but the son of the man who directly negotiated with

the superintendent of the Land Company, and that "there was in this arrangement no element of profit or loss usually attendant upon independent contracts or commercial transactions." Neither supposed ground of distinction is good. The fact that in the Donlon case the man injured was the subcontractor twice removed from the owner of the trees does not change the principles regarding employment of independent assistance by one who engages to do certain work. Nor does the agreement considered in the Donlon case differ in essence from the one made with the elder Brush. We fail to see what "the element of profit and loss usually attendant upon independent contracts or commercial transactions" has to do with the case. That element is entirely a false quantity in this discussion. It is conceded by learned counsel for the Industrial Accident Commission that if Seymour Brush was not an employee, but an independent contractor, the award of the Industrial Accident Commission must be annulled, whether the son, Martin A. Brush, was a partner or an employee of his parent; and this must be true under the authority of *Donlon Bros.* v. *Industrial Accident Commission, supra,* and *Western Indemnity Co.* v. *Pillsbury,* 172 Cal. 807, [159 Pac. 721]. In the former case, which was very similar to this one, Mr. Justice Henshaw, who delivered the opinion of the court, commenting on the finding of a majority of the commissioners that the injured woodchopper was an employee of the Donlon Brothers, said: "Commissioner Weinstock filed his dissent, holding that the relation of employer and employee necessarily involves the element of personal service, which is not delegable, and that the facts clearly established that such relationship did not exist; that Kataoka, the only one with whom petitioner had dealings, was an independent contractor, and that this relationship extended to the subcontractor. In this we think the dissenting commissioner was clearly right."

In the other case cited above, the following language was used: "It has been said that the true test of a contractor is that he renders service in the course of an independent occupation, following his employer's desires in the results but not in the means used (1 Shearman & Redfield on Negligence, 6th ed., 396), but in weighing the control exercised we must carefully distinguish between authoritative control and mere suggestion as to detail or the necessary co-operation where the

work furnished is part of a larger undertaking. (*Standard Oil Co.* v. *Anderson,* 212 U. S. 221, 222, [53 L. Ed. 480, 29 Sup. Ct. Rep. 252].) The same principles are announced in *Fink* v. *Missouri Furnace Co.*, 82 Mo. 276, [52 Am. Rep. 376].'' Measured by this definition, it is clear from the undisputed facts presented by the record that Seymour Brush was not an ''employee'' or a ''servant'' in contemplation of the Workmen's Compensation Act, but an independent contractor.

It follows that the award must be annulled, and it is so ordered.

Henshaw, J., Shaw, J., Sloss, J., Lawlor, J., Lorigan J., and Angellotti, C. J., concurred.