[S. F. No. 8652. In Bank.—June 6, 1918.]

W. B. PARSONS et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—EMPLOYER AND EMPLOYEE—RELATION NOT ESTABLISHED — INDEPENDENT CONTRACT TO CUT CORDWOOD— OWNER NOT LIABLE FOR INJURY.—One who contracted with the owner of wooded land to cut with his own tools, working when and as he pleased, such timber as in his judgment was best suited for converting into cordwood, for which he was to be paid by the cord, was not an employee, but an independent contractor, and was not entitled to an award from the Industrial Accident Commission in a proceeding to recover for injuries sustained by him in his work.

PROCEEDING on Certiorari to review an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Redman & Alexander, for Petitioners.

Christopher M. Bradley, for Respondents.

VICTOR E. SHAW, J., *pro tem.*—*Certiorari* to review an award made by the Industrial Accident Commission. The admitted facts disclose that petitioner, W. B. Parsons, as owner of certain wooded land, made a contract with William Huddle, the sole and only provisions of which were that the latter was to cut firewood from said land for which Parsons agreed to pay him for each cord of three fourteen-inch tiers the sum of $4.50. Parsons exercised no control over Huddle, who, with his own tools and as a free agent working when and as he pleased, cut such timber as in his judgment was best suited to his purpose in converting it into units, for each of which he was to be paid. The sole question for determination is whether upon this statement of facts, as to which there is no dispute, the status of Huddle was that of an independent contractor or an employee of Parsons as found by the commission.

We are unable to distinguish the facts in the case from those presented in that of *Donlon Bros.* v. *Industrial Accident Commission,* 173 Cal. 250, [159 Pac. 715], the decision in which was approved in *Fidelity & Deposit Co.* v. *Brush,* 176 Cal. 448, [168 Pac. 890], in both of which it was held that the status of the injured party under a like contract for cutting cordwood was that of an independent contractor. In the Donlon case the contract to cut wood at $4.50 per cord was let to Katioaka, whose subcontractor was injured, and the award made to him was set aside upon the ground that the relation of Katioaka to Donlon was that of an independent contractor, who, by reason of such status, could not recover for injuries, and since the relationship extended to the subcontractor injured, he likewise was not entitled to compensation for the injury sustained. While Katioaka, whose status as to Donlon was precisely the same as that of Huddle to Parsons, was not an applicant for an award for injuries received, nevertheless, it appears from the opinion that the decision was based upon principles which, if applicable, are determinative of the case at bar. In the Brush case, as in this, respondent sought to distinguish it from the Donlon case, but the court upon facts substantially the same as those here

involved held, as in the Donlon case, that one who agrees with the owner of land to cut wood thereon at a stipulated price per cord without any agreement as to the hours of work nor the methods to be pursued in performing the work is an independent contractor. There is nothing said by respondent justifying a departure from the principles enunciated in these cases. We are unable to perceive any distinction between the status of one who, upon an agreement for a stipulated price per unit and out of raw materials furnished by the owner, builds one or more houses of a specified character and that of one who, for a specified price per cord, converts standing timber into one or more cords of wood. The contract in each case without regard to the means employed therefor contemplates the result to be accomplished. In each case the contractor is performing a service in the course of an employment conducted free of control or supervision of the owner whose will he represents only as to the result and not as to the means whereby it is accomplished. The fact that the contract was indefinite in specifying the number of cords to be cut or that the employment might be terminated at the will of either party, in which event Huddle would be entitled to the agreed price per cord for each cord of wood cut, made the engagement none the less an independent contract.

The award is annulled.

Richards, J., *pro tem.*, Melvin, J., Sloss, J., and Wilbur, J., concurred.