[Civ. No. 3692. First Appellate District, Division Two.—March 22, 1921.]

TESSE V. ROBERTS, etc., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—STATUS OF APPLICANT AS EMPLOYEE—REVIEW OF COMMISSION'S FINDING.—As the jurisdiction of the Industrial Accident Commission runs to employees only, the finding of the commission that an applicant for compensation was an employee is subject to review for the purpose of determining whether the jurisdictional facts exist.

[2] ID.—CASUAL EMPLOYMENT—LACK OF SUPERVISION AND CONTROL—ABSENCE OF RELATIONSHIP OF EMPLOYER AND EMPLOYEE—UNWARRANTED AWARD.—A person who is engaged for one particular job, such as to clean out a urinal, under an agreement that he will be paid for the job as a whole when completed and not for the time occupied, and who is left to perform the work according to his own methods and at his own pleasure, he not being told what to do or how to do it, and he at no time being under the supervision, direction, or control of the person engaging him, is not an employee, within the meaning of that term as used in the Workmen's Compensation Act, and an award of compensation to him because of injuries received while thus engaged is in excess of the commission's jurisdiction and should be annulled.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

Alvin Gerlack for Petitioner.

A. E. Graupner and Warren H. Pillsbury for Respondents.

NOURSE, J.—*Certiorari* to review an award of the Industrial Accident Commission in favor of one B. F. Banks and against Mrs. Tesse V. Roberts. The facts of the case as stated by respondents, and resolving all conflicts in favor

2. Who are employees within the meaning of Workmen's Compensation Act, notes, L. R. A. 1916A, 115, 246; L. R. A. 1917D, 145; L. R. A. 1918F, 201.

What employments are casual and not in the usual course of the employer's business, note, L. R. A. 1918F, 215.

of the commission's findings, are: Banks, a saloon porter, employed in a saloon owned by a third party, frequently dropped into petitioner's saloon for a few moments from time to time to visit and loaf. On one of such occasions, May 25, 1919, it happened that the regular porter in petitioner's saloon had been endeavoring without success to clean out a urinal which had become stopped up. Some discussion ensued, as a result of which Banks intimated that he would be able to clean it out. Banks' testimony on this point is as follows: "I happened to go in there on this date, and he [Sparman] was on watch. He had relieved his bartender, and he called me and asked me if I would clean out the urinal in the back, and I asked him what was the matter with the porter and he said—told me Jones wouldn't do it. So I went back and seen what it was and come out and asked him for a hammer to take up a couple of boards that laid over the pipes, and he handed me the hammer, and I seen where it was stopped up at, and I went out and asked him if he had a heavy wire. Q. Did he say how much he would pay you for the job? A. He told me at the bar when he hired me, he would pay me for it." Banks worked several hours on the afternoon in question on the job, but did not finish it. In the course of this work, necessarily quite a filthy job, he lacerated his hand, the wound becoming infected and causing the injury for which compensation has been awarded.

Respondents concede that, if Banks were an independent contractor at the time of his injury, the award of the commission was in excess of its jurisdiction and should be annulled. In support of her contention that Banks was an independent contractor petitioner points out that he was left to perform the work according to his own methods and plans and that no supervision, direction, or control was exercised over him by the petitioner's agent; that he was not told when to go to work nor when to quit, and that if any payment was to be made to Banks at all it was only for the completed job and not for the time employed. "It has been said that the true test of a contractor is that he renders service in the course of an independent occupation, following his employer's desires in the results but not in the means used." (*Fidelity & Deposit Co.* v. *Brush,* 176 Cal. 448, [168 Pac. 890]; *Flickenger* v. *Industrial Acc.*

*Com.*, 181 Cal. 425, [184 Pac. 851].)   Section 8a of the Workmen's Compensation, Insurance and Safety Act, as amended (Stats. 1917, p. 835, c. 586) defines the term "employee" as used in the act as including "every person in the service of an employer . . . under any . . . contract of hire . . . but excluding any person whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer."   Section 8b of the same act defines an "independent contractor," for the purposes of the act, as including "any person who renders service other than manual labor, for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished."

The foregoing definition of an independent contractor was expressly held unconstitutional by the supreme court in *Flickenger* v. *Industrial Acc. Com.*, *supra*.   In the same case the court reaffirmed its holding in *Pacific Gas & Electric Co.* v. *Industrial Acc. Com.*, 180 Cal. 497, 500, [191 Pac. 788], to the effect that "the terms 'employers,' 'employees' and 'employment' as used in section 21, article XX, of the constitution, as amended in October, 1911, must be construed in the light of their meaning at the time of the adoption of the amendment, and cannot be extended by legislative definition."

[1]   As the jurisdiction of the commission runs to employees only, the finding of the commission that the applicant was an employee is subject to review for the purpose of determining whether the jurisdictional facts exist. (*Donlon Bros.* v. *Industrial Acc. Com.*, 173 Cal. 250, 252, [159 Pac. 715]; *Carstens* v. *Pillsbury*, 172 Cal. 572, [158 Pac. 218]; *Roberts* v. *Police Court*, 185 Cal. 65, [195 Pac. 1053].)   This is especially true under the amendment of 1918 to section 21 of article XX of the constitution, which provides: "*All* decisions of any such tribunal (Industrial Accident Commission) shall be subject to review by the appellate courts of this state."

[2]   A review of the evidence on this phase of the case discloses that the applicant was engaged for one particular job under an agreement that he would be paid for the job as a whole when completed and not for the time occupied; that he was left to perform the work according

to his own methods and at his own pleasure; that he was not told what to do or how to do it; that at no time was he under the supervision, direction, or control of petitioner.

Respondents insist that one element of the test of an independent contractor is wanting; that is, that the applicant was not engaged "in the course of an independent occupation." At the same time they argued that the job was a "porter's" job and not a plumber's job, and it is admitted that the applicant's occupation was that of a porter. But an essential element of the test of an employee is also lacking and, as has been shown, unless the applicant was an employee, the respondents were without jurisdiction to make the award. The statutory definition of a servant found in section 2009 of the Civil Code (in force when the workmen's compensation amendment was added to the constitution) is as follows: "One who is employed to render personal service to his employer, otherwise than in the pursuit of an independent calling, and who in such service remains entirely under the control and direction of the latter, who is called his master." Under this definition it is essential that the servant be "entirely under the control and direction of" the master. This element is lacking in the present case. Banks was not asked to come and work under the direction of the manager of the saloon; he was not asked to come and help the manager. He was asked if he would go and do the job himself and that was what he agreed to do. "The test of 'control,' however, means 'complete control.' For example, the citizen who hires a taxicab to take him to a certain place exercises that amount of control over the driver, but he does not thereby become the man's employer. . . . But in weighing the control exercised we must carefully distinguish between authoritative control and mere suggestion as to detail." (*Western Ind. Co.* v. *Pillsbury,* 172 Cal. 807, [159 Pac. 721].)

The record here presents a case where no control was exercised and the right of control was not retained. There is no distinction between this and such cases as *Flickenger* v. *Industrial Acc. Com., supra, Donlon Bros.* v. *Industrial Acc. Com.,* 173 Cal. 250, [159 Pac. 715], *Fidelity & De-*

*posit Co.* v. *Brush, supra,* and *Parsons* v. *Industrial Acc. Com.,* 178 Cal. 394, [173 Pac. 585].

Furthermore, the applicant was not an employee within the definition of the act as his employment was ''both casual and not in the course of the trade, business, profession or occupation of his employer.'' (Sec. 8 [a], Workmen's Compensation, Insurance and Safety Act of 1917, Stats. 1917, p. 835.) It was the work of the regular porter to *clean* the toilet and in that work he was engaged in the course of his employer's business. But the *repair* of a broken pipe was a plumber's job not in the course of that business. As the work progressed it developed that the trouble arose from a broken pipe and that the pipe would have to be repaired. If a duly licensed plumber had been called in to make the repair under the same circumstances, it is not disputed that he would have been treated as a contractor and not an employee. The outstanding facts are that the applicant was called on in an emergency to perform a service outside of the course of business of his employer and outside the course of his regular employment as was the case in *London etc. Co.* v. *Industrial Acc. Com.,* 173 Cal. 642, [161 Pac. 2].

But it is not necessary for the decision to go upon this ground. Banks was engaged to do a single job and was to be paid on completion only. His employer did not retain the right to control him in the means by which the job was to be done, but was interested only in the result. Under these circumstances the relation of employer and employee did not exist and the respondents had no jurisdiction to make the award.

The award is annulled.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 19, 1921.

All the Justices concurred, except Wilbur, J., who was absent.