[S. F. No. 9637. In Bank.—June 15, 1921.]

JOHN F. PRYOR et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—SAND-PUMPING BY WELL-BORING FIRM—INDEPENDENT CONTRACTOR.—A contracting firm engaged in the business of pumping sand from wells as an incident to the business of well-boring, which furnished its own equipment and paid its own expenses and which was not subject to authoritative control in the performance of its work, receiving a specified price per foot for boring and a certain amount per day for sand-pumping, was an independent contractor and not an employee within the meaning of the Workmen's Compensation Act, while engaged in pumping sand from a well which it had completed under a prior contract, although the firm was subject to discharge at any time and was willing to follow suggestions of the owner's representative.

[2] ID.—CHARACTER OF EMPLOYMENT—STATEMENT OF APPLICANT—LEGAL CONCLUSION.—In a proceeding under the Workmen's Compensation Act for an injury sustained by a member of a well-boring firm while pumping sand from a well, statements of himself and another member of the firm that they considered themselves employees were mere legal conclusions and of no weight where the uncontradicted facts demonstrated that they were working under an independent contract.

PROCEEDINGS in Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

Howard L. Phillips and Redman & Alexander for Petitioners.

A. E. Graupner and Warren H. Pillsbury for Respondents.

LENNON, J.—*Certiorari* to review a decree of the Industrial Accident Commission awarding compensation to Thurman Crane, the applicant below, for an injury sustained while pumping sand from a well on a ranch belonging to ·

1. Who are independent contractors and not employees within the meaning of workmen's compensation acts, notes, L. R. A. 1916A, 118, 247; L. R. A. 1917D, 148; L. R. A. 1918F, 206.

John F. Pryor. The award is resisted upon the ground that the injured man was working under an independent contract and not as an employee of petitioner John F. Pryor.

The said Thurman Crane and his two brothers-in-law, Warren and Albert Martin, were engaged in the business of well-boring, and possessed two complete outfits for use in that work. They also engaged in the business of pumping sand from wells. The usual price charged for the boring of wells was $2.50 per foot, expenses were deducted, and the three shared equally the profits of the business. They had completed a contract for the boring and sinking of a well for petitioner John F. Pryor and were at work elsewhere when Pryor's well filled with sand. Thereupon Pryor arranged with Warren Martin, the business man of the firm, that the two Martin brothers and Crane should return and pump out the sand, Pryor agreeing to pay $25 per day on condition that the three start work on the following day, which was Sunday. They took their pumping apparatus to the well and were at work there when Crane was struck by the handle of a windlass.

[1] Applying the accepted tests to the relationship of the parties at the time the injury was sustained, we are convinced that the work was pursuant to independent contract. It is conceded that when boring the well the firm was engaged in the performance of an independent contract. There is undisputed evidence that sand-pumping was in the same. general line of work as well-boring; that in about one-third of the cases where contracts for the boring and sinking of wells had been completely performed the firm was ·recalled for the purpose of pumping out the sand which had subsequently filled in; and that considerable equipment, such as sand-pipes, windlasses, and other apparatus, was required in this work. Both the contract for the boring of Pryor's well and the agreement for the removing of the sand were oral, Warren Martin arranging the terms on behalf of the firm, and in both instances the contracting firm furnished its own equipment. In short, the business of sand-pumping was conducted as an incident of the well-boring business and it was carried on in practically the same manner.

The method of payment was the only item wherein the arrangements for the boring of the well differed from those for the sand-pumping. In neither branch of their business did

the men contract for payment by the job. Boring was paid for by the foot, but clearly this could not be adopted as the basis for the charge for sand-pumping. There was uncontradicted testimony that the difficulty of estimating the length of time it would take to sand-pump a well was the reason for charging by the day, the amount depending somewhat on the number of men at work. Owing to the conditions it was impracticable to set a price for the work as a whole, or a time for its completion, but the fact that no definite price was agreed upon for the completed work and that the work was performed by the day would not, in and of itself, render the contract one of employment. (*Flickenger v. Industrial Acc. Com.*, 181 Cal. 425, [8 A. L. R. 468, 184 Pac. 851].) Nor was it material that the firm performing the pumping work might have been discharged at any time. (*Western Indemnity Co. v. Pillsbury*, 172 Cal. 807, [159 Pac. 721]; *Donlon Bros. v. Industrial Acc. Com.*, 173 Cal. 250, [159 Pac. 715].)

It is important that, as in the case of *Flickenger v. Industrial Acc. Com.*, supra, the men were engaged to accomplish a particular result, in the performance of which they were not subject to the immediate authoritative control of those for whom the work was being done and that they were expected to furnish their own appliances and pay their own expenses. In applying the test of control we must differentiate between an order and a suggestion. (*Western Indemnity Co. v. Pillsbury*, supra; *Fidelity & Deposit Co. v. Brush*, 176 Cal. 448, [168 Pac. 890].) It appears that the men were not subject to the actual control or direction of anyone while performing their work. According to the testimony, Mr. Pryor's representative "butted in" and the men were "willing to try" his suggestions. Had the men been subject to actual control it would have been obligatory for them to follow directions. The men were not laborers, nor did they work as such. They carried on an extensive business, employing their own workmen. Warren Martin, who arranged for most of the work, in this case made all of the financial arrangements and the claimant for compensation was not even cognizant of the terms of the contract until after the accident. The *firm* was engaged in this case and the injured man was never personally employed by, nor did he ever per-

sonally make any contract with, Pryor or Pryor's representative.

[2]    The statements of Crane and Warren Martin that they considered themselves employees are mere legal conclusions and of no weight in view of the uncontradicted evidence of facts which demonstrate that they were working under independent contract.    (*Winslow* v. *Glendale Light & Power Co.,* 164 Cal. 688, [130 Pac. 427].)

The determination that the injured man was working under an independent contract eliminates any discussion of the additional point of petitioners, namely, that if the contract were one of employment, it was casual employment and therefore not within the terms of the Compensation Act. (Stats. 1917, pp. 831, 835.)

The award is annulled.

Wilbur, J., Olney, J., Shaw, J., Lawlor, J., Angellotti, C. J., and Sloane, J., concurred.