[Civ. No. 3773.   Second Appellate District, Division One.—March 14, 1922.]

E. D. HALL, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—DELIVERY OF MILK—RELATION-SHIP BETWEEN PARTIES — INDEPENDENT CONTRACTOR.—Under the Workmen's Compensation Act, the relation of employer and em-·ployee did not exist between a dairyman and the owner of a motor-truck who transported the milk from the dairy to a cream-ery at a certain price per load, where the dairyman had no control over the actions and movements of the truckman but was entitled only to insist that the milk be taken at a seasonable time and delivered with reasonable expedition, since the truckman under such circumstances was an independent contractor and the dairy-man was not liable for injuries received by the truckman in assisting another in unloading at the creamery in order to expedite his own delivery.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.   Award annulled.

The facts are stated in the opinion of the court.

Earl D. Killion for Petitioner.

'A'. E. Graupner and Warren H. Pillsbury for Re-spondents.

JAMES, J.—By this proceeding there is presented to the court for review an award made by the Industrial Accident Commission, together with the evidence heard in support thereof.   One Ramgren made application under provisions of the Workmen's Compensation Act (Stats. 1913, p. 279, as amended by Stats. 1917, p. 831) to secure an order allowing to him compensation on account of injuries alleged to have been suffered while in the employ of petitioner. An award was ordered by a majority of the commissioners,

1.   Who are independent contractors, subcontractors, and employees of subcontractors within meaning of Workmen's Compensation Act, notes, L. R. A. 1916A, 118, 247; L. R. A. 1917D, 148; L. R. A. 1918F, 206.

the third member dissenting therefrom. It is insisted that the award cannot be sustained for two principal reasons: (1) Because Ramgren was, at the time he was injured, acting not as the employee of Hall but as an independent contractor; (2) conceding that Ramgren was such employee, that the act which he was engaged in doing was one wholly outside of the discharge of any duty owing to or required of him by his employer.

[1] Under the undisputed facts as the record shows them to be, we are of the opinion that the commission erred in its decision, and that the award cannot be allowed to stand. Petitioner Hall was a rancher and dairyman. As a dairyman he produced a considerable quantity of milk which he daily transported from his dairy in Lankershim to a creamery in the city of Los Angeles. Some of the neighboring ranchers were also engaged in the dairy business. Prior to the time that Ramgren began to haul petitioner's milk, petitioner had it transported through the agency of a person who was doing truck service between Lankershim and Los Angeles. This person sold his business to a second one and the latter continued to carry it on for a short while when, being unable to keep up payments which he had agreed to make to his predecessor on account of the purchase of a motor-truck, he abandoned the business. Petitioner arranged to purchase that truck, but, so far as the record shows, did not operate it in handling the milk. Ramgren owned a motor-truck and for a number of months— eight or more—had engaged in doing hauling for ranchers and any other persons who might be desirous of securing his services. Petitioner, about October 1, 1920, made a contract with Ramgren to have the latter haul the former's milk daily to Los Angeles. The price agreed upon for the service was nine dollars if one load was hauled and delivered, and fourteen dollars if two trips were made on the same day. Petitioner included the milk of two of his neighbors in making up the loads and he received from them eighteen cents per can for the delivery. He stated, however, that he made no profit on account of transportation of this last-mentioned milk. On the sixth day after Ramgren commenced to haul the milk he arrived at one of the creameries at which he was to make delivery, and, finding a truck ahead of him being unloaded, started to assist the

operator of that truck in passing the cans of milk into the creamery. This he did in order to expedite his own delivery. While placing a can of milk upon an automatic conveyor the fingers of one hand were caught between the can and a beam and badly crushed. The situation, then, as to the facts material to a consideration of the points mentioned was that petitioner, having a quantity of milk which he desired to have daily transported from Lankershim to Los Angeles creameries, contracted with Ramgren, who was engaged in the trucking business, to have the milk carried at a specified price, varying as to whether there were one or two loads hauled on the same day. Ramgren, in his testimony before the commission, stated that this ''employment'' with Hall did not prevent him from using any time that might not be occupied in actually transporting the milk, to do hauling for other persons. He stated that it was required of him to furnish the truck and fuel and oil, and that if anything happened to the truck on the trip it would be his (Ramgren's) duty to secure other means of transporting the milk. In other words, Hall was without the right to in any manner control the actions or movements of Ramgren. Hall was entitled only to insist that the milk be taken away from the place where it was produced at a seasonable time and delivered with reasonable expedition. As to the route which Ramgren might take, or the manner in which he might handle his own truck, these were matters wholly beyond the right of any control in Hall. We agree with the conclusion expressed by Commissioner Naftzger in his dissenting opinion that the facts of this case closely parallel those considered in *Flickenger et al.* v. *Industrial Acc. Com. et al.,* 181 Cal. 425 [184 Pac. 851]. The conclusion announced by the supreme court in that decision was that the claimant was an independent contractor and therefore not entitled to compensation under the act hereinbefore referred to. Counsel for petitioner pertinently cites *Fidelity & Deposit Co.* v. *Brush,* 176 Cal. 448 [168 Pac. 890], and section 2009 of the Civil Code to the same point. Section 2009 in defining the term ''servant''—which is synonymous with ''employee''—declares that such person is one who is employed to render personal service to his employer ''otherwise than in the pursuit of an independent calling and who in such service remains entirely under the direc-

tion and control of the latter, who is called his master.''
In the Flickenger case, *supra*, our supreme court also de-
termined that the legislature has no power, by any amend-
ment to the Workmen's Compensation Act, to provide that
an independent contractor, as the law had determined his
character to be prior to the adoption of article XX, section
21, of the constitution, may claim the benefit of that act,
nor to enlarge the definition of the word ''employee'' as
the same was then understood and defined.

Certain other facts shown in evidence we deem imma-
terial to a consideration of the question just discussed.
Those facts were that the state Railroad Commission, as
well as the public utility department of the city of Los
Angeles, require certain permits to be secured by persons
operating truck businesses, and that Hall, in order to enable
Ramgren to transport petitioner's milk, made application as
principal for those permits.  As a matter of fact, the permit
of the Railroad Commission was not ordered to be issued
to Hall until some time after Ramgren had entered upon the
discharge of his contract and after he had suffered his
injury.  The question here concerns not a matter of per-
mits or the regulations of any board, but the legal relation
of the parties as determined by the obligations of their
contract and the methods to be used in discharging the
same.  Petitioner could not have required Ramgren to de-
sist from doing the act in which he was engaged at the
time he received his injury; had he assumed to give any
such direction, Ramgren might well have answered: ''Under
our engagement I have the right to use my own judgment
as to means and methods and the only thing that you can
require of me is that your milk shall be taken and delivered
at the specified times.''  Clearly, the rights which could
properly be insisted upon by Ramgren show that his posi-
tion was that of an independent contractor and that he was
not a servant or employee of petitioner in any legal sense
whatsoever.

Had we reached the conclusion that the relation of em-
ployer and employee existed, we would be inclined to hold
that, as to the second contention made, petitioner was in
error.  We think that, assuming the existence of the re-
lation of employer and employee, there was some substantial
ground for concluding that the acts being done by Ramgren

at the time he received his injuries were for the direct benefit of the employer and reasonably included within the scope of his duties. It is unnecessary to analyze the evidence further, particularly that referring to the fact that petitioner arranged for the delivery of other milk than his own, which evidence was material mainly to the claim that petitioner's business was exempt from the provisions of the compensation act.

The award is annulled.

Conrey, P. J., and Shaw, J., concurred.