[L. A. No. 7362. In Bank.—October 31, 1922.]

### J. W. FREIDEN et al., Petitioners, v. THE INDUSTRIAL ACCIDENT COMMISSION, etc., et al., Respondents.

[1] Workmen's Compensation Act—Unloading of Automobiles for Dealers—Status of Longshoreman and Assistants—Independent Contractors.—A longshoreman furnishing his own tools and implements for unloading automobiles from cars for dealers at the rate of $1.50 for each machine, selecting his own assistants and dividing with them the amounts received from the dealers, who exercised no control over him or his assistants in the doing of the work, is an independent contractor and an assistant injured in the performance of such work is not entitled to an award of compensation against the dealer.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

George H. Moore for Petitioners.

A. E. Graupner for Respondents.

WASTE, J.—On November 12, 1921, Caldwell, one of the respondents herein, and the applicant before the Industrial Accident Commission, was engaged with two other

---

Who are deemed to be independent contractors within the meaning of the rule relieving employer from liability, notes, Ann. Cas. 1918B, 709; 65 L. R. A. 17; L. R. A. (N. S.) 371.

General discussion of the nature of the relationship of employer and independent contractor, note, 19 A. L. R. 226.

men in unloading automobiles from a box-car in the city of San Diego. The automobiles were consigned to J. W. Freiden, the defendant before the commission and one of the petitioners here, who was in the business of selling automobiles in said city. While unloading the car Caldwell suffered an injury, and it was to recover compensation for the period of his disability that the proceedings were inaugurated before the Industrial Accident Commission. At such hearing an award was made in his favor, which is the subject of the review here. The sole question presented is whether or not Caldwell was an employee of J. W. Freiden at the time of the injury.

It appears from the record that Howard Harper, a longshoreman, had for a period of approximately ten years previous to the date of the injury been engaged during the greater part of his time in unloading automobiles from cars for various dealers in San Diego. It was his custom to ascertain when shipments were due and had arrived, whereupon he would notify the dealers, and they would let him know when to start in to unload them. He looked after that work alone, hiring such assistants as he required. He collected the pay from the dealers at the rate of $1.50 for each machine unloaded and divided the money with his assistants. In unloading the machines from the cars Harper and his fellow-workers used three chain falls, made fast to the roof of the car. By this means and with chain slings the automobiles were lifted out on to the unloading platform. The appliances used were furnished by Harper, they having been found by him on the railroad property and being used by him. While one of the automobiles was being ''slung up to the rafters of the car with the chain fall'' the supports under it were taken out. ''The chain carried away'' and the automobile toppled over and fell on Caldwell, inflicting the injuries for which he seeks compensation. From these facts the Industrial Accident Commission found that Caldwell was injured while employed as a laborer by J. W. Freiden, the petitioner here. We are unable to agree with this conclusion.

While the testimony as to the nature of the alleged employment of Harper and the others by Freiden relates more to the general custom followed in such matters than to the

190 Cal.—4

particular instance which we are considering, it sufficiently appears that Harper was . the only person with whom Freiden dealt in the matter, and was the only one with whom he made any arrangements concerning the matter. The transaction, reduced to simple terms, was that for the sum of $1.50 each Harper agreed to unload the machines and place them on the platform. Travers, who had been helping him on previous occasions, secured the assistance of Caldwell on this particular occasion. It does not appear that Freiden exercised the slightest control over either Harper or his assistants in the matter of unloading the machines from the cars. He did not know either of Harper's assistants and did not authorize Harper to secure the services of either of them. He merely gave the usual direction to Harper to unload the cars. Nothing appears to have been said in this particular instance as to the price, but it was understood to be at the regular rate of $1.50 for each automobile removed to the platform. Harper testified that the arrangement that he had with Freiden was "just to unload the cars at $1.50 a machine."

When Harper had placed the automobiles on the platform his connection with the transaction ceased and he had no longer any interest in the matter and no further relations with Freiden until another shipment of automobiles arrived.

[1] We are unable to arrive at any other conclusion from the facts in this case than that Harper was an independent contractor in the matter of unloading the automobiles for the petitioner. He furnished his own tools and implements for the unloading, selected his own assistants, directed the work at his own pleasure, and was not under the authority or direction of Freiden in any way. It follows, therefore, that Caldwell was not in any sense an employee of the petitioner. We are unable to differentiate the facts in this instance from those considered by this court in other cases where it was held that under such circumstances the injured party is not entitled to look to the owner of the property on which the labor was bestowed for compensation. (*Fidelity & Deposit Co.* v. *Brush,* 176 Cal. 448 [168 Pac. 890]; *Donlon Brothers* v. *Industrial Acc. Com.,* 173 Cal. 251 [159 Pac. 715]; *Pryor and Globe*

*Indemnity Co.* v. *Industrial Acc. Com.,* 186 Cal. 169 [198 Pac. 1045].)

It follows that the award must be annulled, and it is so ordered.

Shaw, C. J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.