[Civ. No. 4845.   First Appellate District, Division One.—June 9, 1924.]

WHITING-MEAD COMMERCIAL COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—EVIDENCE — INFERENCES — JURISDICTION—CERTIORARI.—It is not within the power of courts to set aside findings of the Industrial Accident Commission based upon reasonable inferences drawn from facts proven with legal sufficiency; but where there is no evidence upon which such inferences may be based, the Commission is without power to draw them and base an award thereon.

[2] ID.—INJURY TO TRUCK DRIVER—INDEPENDENT CALLING—EVIDENCE —INFERENCES.—In this proceeding for an award of compensation for injuries alleged to have been received by the applicant in the course of his employment of driving a motor-truck, and while he was acting as an employee, there was nothing contained in the facts from which any inference could be drawn that the applicant was an employee of the alleged employer, but, on the contrary, they negatived any such inference, as they showed affirmatively that the applicant was exercising an independent calling, and, so far as said alleged employer was concerned, he was free to prosecute his work in any manner he saw fit, using his own means and judgment to accomplish the result.

(1) Workmen's Compensation Acts, C. J., p. 122, sec. 127, p. 123, sec. 127.   (2) Workmen's Compensation Acts, C. J., p. 50, sec. 42, p. 115, sec. 114.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.   Award annulled.

The facts are stated in the opinion of the court.

F. J. Creede, T. W. Slaven and J. L. Kearney for Petitioners.

1.  Review of facts on appeal under Workmen's Compensation Act, notes, Ann. Cas. 1916B, 475; Ann. Cas. 1918B, 647.   See, also, 28 R. C. L. 827.

2.  Independent contractor as employee within the meaning of workmen's compensation acts, notes, Ann. Cas. 1913C, 28; Ann. Cas. 1916B, 793, Ann. Cas. 1918B, 704; L. R. A. 1916A, 118, 217; L. R. A. 1917D, 148; L. R. A. 1918F, 206.   See, also, 28 R. C. L. 762.

Warren H. Pillsbury for Respondents.

TYLER, P. J.—Petition for a writ of *certiorari* to review an award of the Industrial Accident Commission.

It appears therefrom that the State Compensation Insurance Fund, a state instrumentality, is the insurance carrier of the Whiting Mead Commercial Company. On June 18, 1923, one Ernest A. Wells sustained injuries by being pinned between an automobile truck and the side of a building, and he subsequently filed his application with the Industrial Accident Commission for the purpose of obtaining benefits under the Workmen's Compensation Act (Stats. 1913, p. 279), and he averred that his injury arose out of and in the course of his employment with the company above mentioned. Thereafter his application came on for hearing before the Commission, which subsequently made an award in his favor and against the State Compensation Insurance Fund as insurance carrier for the sum of $558.69, and it ordered that the Whiting Mead Commercial Company, the alleged employer, be released from further liability. A petition for rehearing was prayed for and denied, whereupon this proceeding was instituted.

The sole question presented by the controversy is whether or not the evidence is sufficient to show that Wells was an employee and not an independent contractor.

The facts are without practical conflict. They show that the Whiting Mead Commercial Company was engaged in the business of wrecking buildings and selling building material. In the conduct of such business it owns and operates some twenty-five trucks for the purpose of delivering its goods to customers. The drivers of these trucks are in the regular employ of the company and are paid regular wages. Wells was at one time such an employee. Some time prior to January, 1922, he left his employment, and at or about the last-mentioned date he, with his brother, interviewed the shipping clerk of the company, who had charge of its delivery yard, and solicited employment. At this time Wells was out of work, and the brother volunteered to assist him in procuring a truck. Owing to pressure of business the company, in addition to using its own trucks, found it necessary to contract with various draying concerns to make delivery of its materials. This extra hauling was sufficient

in volume to furnish several independent owners of trucks with work. This fact was made known by the shipping clerk to Wells and his brother, and it was suggested that Wells might make more money driving a truck owned by himself than he could make by working for wages. The Whiting Mead Company sold all of its materials f. o. b. the company's yards. Where the customers did not have the means of transporting their purchases the company would make delivery for them and impose a charge for so doing. When the company used its own trucks for this purpose it retained any profit arising from the hauling; but the shipping clerk informed Wells that if he procured a truck the full amount of the charge for any load which might be turned over to him for delivery would be paid to him without any deduction therefrom by the company. This plan was different from the one adopted by the company when it had occasion to employ certain independent trucking firms. In such case the trucks with their drivers were rented by the hour. The situation and suggestion appealed to Wells and his brother. Wells procured a truck and solicited work from the company. He paid all his own expenses, including gasoline, oil and repairs; he received in payment for such hauling as was given him the full charge made by the company to its customer; he had no certain hours of employment and was not required to report to anyone at any specified time; he was to go and come as he pleased, as the company never gave him orders or directed him in his work or exercised any control over his operations or activities excepting, according to the testimony of Wells, he was once told to hurry back. On some days he did not visit the yard at all. It was his custom, however, along with other independent truck owners, to be at the yard of the company about 7:30 o'clock each morning so as to receive such business as might be assigned to him after the company had exhausted its own capacity in distributing loads to its own drivers. Under his prior employment with the company Wells had been earning four dollars a day in wages. Under the independent new arrangement he made from sixty dollars to seventy-five dollars a week. He was not upon the payroll of the company during the time that he owned and operated his own truck. The superintendent of the company hired and discharged all employees, and he never hired

Wells. The evidence shows that the company had certain cardboard signs upon which its name was printed, and when deliveries were made by the company's trucks it was customary to tack such signs upon the loads for advertising purposes merely, and that Wells had himself procured one of these cards and tacked it to his own truck. It further appeared by the testimony of Wells himself that the company had on some occasions furnished him with a helper. This fact was denied by the company, whose officers testified that it was against the rules to furnish independent drivers with helpers.

Under these circumstances, on January 18, 1923, a year after Wells commenced hauling for the company under this arrangement and while he was in the course of making a delivery, his truck, operated by a friend of his who frequently rode with him and who had no connection whatever with the company, skidded and pinned Wells between a house and his machine, and he received the injuries of which he here complains.

It is the claim of petitioner that these facts do not justify the finding of the Commission that the applicant was an employee of the company and that the injury arose out of and in the course of his employment.

Respondents, on the other hand, in support of the award, claim that while the facts present a border-line case, certain inferences may be drawn therefrom which go to establish the fact that the relation of employer and employee existed at the time of the accident, and that all doubt upon this subject should be resolved in favor of the action of the Commission.

[1] There is no question that it is not within the power of courts to set aside findings of the Commission based upon reasonable inferences drawn from facts proven with legal sufficiency; but where there is no evidence upon which such inferences may be based it is equally true that the Commission is without power to draw them and base an award thereon.

[2] Here there is nothing contained in the facts from which any inference can be drawn that Wells was an employee of the company. On the contrary, they negative any such inference, as they show affirmatively that he was exercising an independent calling, and, so far as the com-

pany was concerned, he was free to prosecute his work in any manner he saw fit, using his own means and judgment to accomplish the result.    The case is thus brought clearly within the rulings in *Flickinger* v. *Industrial Acc. Com.*, 181 Cal. 425 [19 A. L. R. 1150, 184 Pac. 851], and *Fidelity & Casualty Co.* v. *Industrial Acc. Com.*, 191 Cal. 404 [216 Pac. 578].

In the Flickinger case it is held that where a person operating a trucking business and having his own truck is engaged to do certain hauling, and in the performance of such work loads his truck in his own way and at his own convenience, and who does not report before going to work and has no one controlling his actions at any time, he is an independent contractor and not an employee.    To the same effect is *Fidelity & Casualty Co.* v. *Industrial Acc. Com.*, *supra*.    In this case the rule is laid down that the controlling factor in the determination of the question as to whether a person is an employee or an independent contractor is found in the solution of the question as to who has the power of control, not as to the result of the work only but as to the means and method by which that result is accomplished.    The same principle is also declared in *Stephens* v. *Industrial Acc. Com.*, 191 Cal. 261 [215 Pac. 1025].    See, also, *Western Indemnity Co.* v. *Pillsbury* 172 Cal. 807 [159 Pac. 721]; *Barton* v. *Studebaker Corp.*, 46 Cal. App. 707 [189 Pac. 1025].

We do not consider further citation of authority necessary.    We are of the opinion that there is no evidence in the record from which any inference can be drawn which justifies the finding that Wells was an employee of the company.

For the reasons given the award is annulled.

Knight, J., and St. Sure, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 7, 1924.