[Civ. No. 4921.  First Appellate District, Division Two.—July 14, 1924.]

TONY VALENTE, a Minor, etc., Petitioner, v. INDUS-TRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—INJURY TO WOODCHOPPER—STATUS OF—EVIDENCE—INDEPENDENT CONTRACTOR.—Where a woodchopper at the time of his sustaining an injury was chopping wood under another party, who had a contract with a lumber company, and said woodchopper was paid by the cord for such wood as he should chop and was free to fix his hours of labor per day and days per week, and said party did not furnish tools, but as the wood-chopper had none, gave the latter tools which another man had left in camp upon quitting work, and except to designate the place where the wood was to be cut, said party exercised no direction or control over the work, the status of said woodchopper was that of an independent contractor and he was, therefore, not entitled to compensation under the Workmen's Compensation Act.

[2] ID.—CHANGE OF STATUS—MINORS—CONTRACTS.—In this proceeding by such woodchopper in which he seeks an annulment of an award of the Industrial Accident Commission denying him compensation, which award was based upon a finding that he at the time of the injury was an independent contractor, the contention that said woodchopper can change the status from independent contractor to employee by disaffirming the contract by reason of his minority is without merit.

(1) Workmen's Compensation Acts, C. J., p. 50, sec. 42.  (2) Workmen's Compensation Acts, C. J., p. 50, sec. 42.

PROCEEDING in Certiorari to annul an award of the Industrial Accident Commission denying compensation. Award affirmed.

The facts are stated in the opinion of the court.

1. Applicabilty of workmen's compensation acts to independent contractors, notes, Ann. Cas. 1913C, 28; Ann. Cas. 1916B, 793; Ann. Cas. 1918B, 704; L. R. A. 1916A, 118, 247; L. R. A. 1917D, 148; L. R. A. 1918F, 206. See, also, 28 R. C. L. 762.

2. Applicability and effect of workmen's compensation acts in case of injuries to minors, notes, 14 A. L. R. 818; L. R. A. 1918F, 209. See, also, 28 R. C. L. 766.

Edmond E. Herrscher and Simeon E. Sheffey for Petitioner.

Warren H. Pillsbury for Respondent.

LANGDON, P. J.—Petitioner seeks an annulment of an award of the Industrial Accident Commission denying him compensation, which order was based upon a finding that petitioner at the time of the injury was an independent contractor.

[1] Petitioner, a woodchopper at the time of the injury, was chopping wood under respondent Peterson, who had a contract for the delivery of wood with the Albion Lumber Company. Petitioner was paid by the cord for such wood as he should chop and was free to fix his hours of labor per day and days per week. Peterson did not furnish tools, but as petitioner had none, Peterson gave him tools which another man had left in camp upon quitting work. Except to designate the place where the wood was to be cut, Peterson exercised no direction or control over the work.

The decision of the Industrial Accident Commission was made upon the authority of *Donlan Bros.* v. *Industrial Acc. Com.,* 173 Cal. 250 [159 Pac. 715], *Fidelity & Deposit Co.* v. *Brush,* 176 Cal. 448 [168 Pac. 890], and *Parsons* v. *Industrial Acc. Com.,* 178 Cal. 394 [173 Pac. 585], in which the facts determinative of the status are substantially the same as in the instant case. We believe these cases are indistinguishable in any important aspect from the case at bar and are controlling.

[2] The contention that petitioner can change the status from independent contractor to employee by disaffirming the contract by reason of his minority we think is without merit.

Award of the Industrial Accident Commission affirmed.

Nourse, J., and Sturtevant, J., concurred.