[Civ. No. 7599. First Appellate District, Division Two.—December 5, 1930.]

G. PROVENSANO et al., Petitioners, v. THE DIVISION OF INDUSTRIAL ACCIDENTS AND SAFETY OF THE DEPARTMENT OF INDUSTRIAL RELATIONS OF THE STATE OF CALIFORNIA and F. L. HORNER, Respondents.

Barry J. Colding and Theodore Hale for Petitioners.

Edward O. Allen for Respondents.

SPENCE, J.—Petitioners seek annulment of an award of the Industrial Accident Commission granting compensation to respondent Horner for an injury to his eye while engaged in chopping and cording wood. The only question presented upon review is whether Horner was an employee of petitioner Provensano or an independent contractor.

In February, 1930, Provensano entered into a written contract with Horner under which Horner agreed to cut and pile on Provensano's ranch not less than two hundred cords of wood at $3.50 per cord. Thereafter Horner, together with his son and two other men, proceeded to the

ranch and began operations under the contract. The arrangements with the three other men were made by Horner. The men furnished their own axes and wedges and Provensano furnished the saws. Shortly after starting to cut and pile the wood under the written contract it was ascertained that there was not enough wood on the ranch to make two hundred cords. Thereupon it was agreed that the contract be canceled, Provensano telling the men, "Go ahead and cut wood, I will pay you three dollars and fifty cents a cord". Thereafter Provensano paid each man for the wood cut and piled by him at the agreed rate. Provensano made only a few visits to the ranch during the entire time the men were working, on which visits he merely showed the men the ridges on which to cut and measured the amount of wood cut and piled in order to determine the amount due. The men worked whenever they pleased and engaged in hunting and fishing on several occasions. In the words of the petitioner, "Each man was his own boss." The foregoing are the material facts disclosed by the evidence and it is conceded that "the testimony does not indicate that any supervision was attempted by Provensano, but he allowed the men to carry the work along on their own time, merely paying them for the quantity cut and piled".

Petitioners rely upon a line of authorities holding wood-choppers to be independent contractors and not employees under similar circumstances. (*Parsons* v. *Industrial Acc. Com.*, 178 Cal. 394 [173 Pac. 585]; *Fidelity & Deposit Co.* v. *Brush*, 176 Cal. 448 [168 Pac. 890]; *Donlon Brothers* v. *Industrial Acc. Com.*, 173 Cal. 250 [159 Pac. 715]; *Valente* v. *Industrial Acc. Com.*, 68 Cal. App. 151 [228 Pac. 667].) Respondent concedes that there is no substantial difference between the facts in the present case and the facts in *Parsons* v. *Industrial Acc. Com.*, *supra*, except that Provensano indicated what timber was to be cut whereas in the case referred to the wood-chopper was engaged to cut such timber as in his judgment was best suited for his purpose. We do not believe, however, that the mere indication by the owner of the timber to be cut constituted such control over the details of the work and the means by which it was to be accomplished or implied such reservation

of the right of control as to make Horner an employee rather than an independent contractor.

Respondents contend that since the decision in *Parsons* v. *Industrial Acc. Com., supra,* "a material modification has been made respecting the criteria for determining whether an engagement is an independent contract or an agreement of employment". It has long been settled that neither section 21 of article XX of the Constitution in its original form nor the amendment of that section in 1918 altered the accepted meaning of the terms "employee" or "independent contractor", and that any attempt by the legislature to extend the scope of the Workmen's Compensation Act by new definitions of those terms is unconstitutional. (*Fidelity & Casualty Co.* v. *Industrial Acc. Com.,* 191 Cal. 404 [43 A. L. R. 1304, 216 Pac. 578]; *Flickenger* v. *Industrial Acc. Com.,* 181 Cal. 425 [19 A. L. R. 1150, 184 Pac. 851].) Respondents, however, cite and rely upon *Hillen* v. *Industrial Acc. Com.,* 199 Cal. 577 [250 Pac. 570], where an award of the Commission in favor of one doing shingling at so much per thousand was affirmed. We find nothing in that case which modifies the accepted rules for determining whether a person is an employee or an independent contractor. In affirming the award the decision rests largely upon the ground that the employer could at any moment direct the details of the work and did in fact do so on occasions. In other words there was ample evidence in that case to support the conclusion that the right of control as to the details of the work and the means by which it was accomplished was retained by the employer. This test has always been regarded as the decisive test of the relationship. In *Moody* v. *Industrial Acc. Com.,* 204 Cal. 668 [60 A. L. R. 299, 269 Pac. 542], the court said: "The following definition may be regarded as a correct statement of what constitutes an independent contractor: One who renders service in the course of an independent employment or occupation, following his employer's desires only in the results of the work, and not the means whereby it is accomplished. . . . The decisive test of the relationship is: Who has the right to direct what shall be done and when and how it shall be done? Who has the right to general control?"

■ There is nothing in the present case to distinguish it from the ordinary engagement of a wood-chopper, chopping and cording wood at so much per cord. Ordinarily the owner of the land is interested only in the result of the work and is not concerned with the means or details by which that result is accomplished. In such cases where the work is done under an agreement to pay for the result of the work at a certain amount per cord and there is no express understanding with respect to the right of control by the owner over the details of the work or the means by which it is accomplished and no such understanding may be implied from the conduct of the parties, the relationship established is that of independent contractor and not that of employer and employee. Provensano was originally interested in having two hundred cords of wood chopped and corded. He entered into the written contract with Horner to accomplish that result. Under the original contract Horner was admittedly an independent contractor. The contract was canceled solely because of the shortage of timber on the ranch and thereafter the men continued to cut such timber as was there under substantially the same arrangement as previously existed under the written contract. The time and manner of doing the work was at all times left entirely to the men themselves without any supervision or direction by Provensano. There was nothing in the original contract with Horner nor the subsequent understanding with the four men nor in the conduct of the parties from which a reasonable inference might be drawn that any right of control was reserved by Provensano over the details of the work or the means to be adopted in accomplishing the result. Under these circumstances Horner was an independent contractor and not an employee and the Commission had no jurisdiction to make the award.

The award is annulled.

Nourse, P. J., and Sturtevant, J., concurred.